**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| BLUE SKY THE COLOR OF | x | Court No. 21-00624 |
| IMAGINATION, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| _____ | x | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(a)of the Rules of the U.S. Court of International Trade, plaintiff hereby moves this court for summary judgment. As set forth in the accompanying memorandum of law, there are no material facts in genuine dispute and the subject Blue Sky 2021 dated desk pad calendars and planning calendars are correctly classified as calendars under HTSUS Subheading 4910.00.2000. Accordingly, plaintiff is entitled to judgment as a matter of law.

WHEREFORE, plaintiff requests that this court enter an order: (1) granting plaintiff's motion for summary judgment: (2) classifying the subject Blue Sky 2021 dated desk pad calendars and planning calendars under HTSUS Subheading 4910.00.2000;

//

//

1

and (3) awarding plaintiff attorney's fees, costs, and other relief as the court deems

appropriate.

Dated August 23, 2023, Los Angeles, California.

Respectfully submitted,

STEIN SHOSTAK SHOSTAK POLLACK & O'HARA
Attorneys for Plaintiff
865 S. Figueroa Street, Suite 1388
Los Angeles, California 90017
Telephone: (213) 630-8888

By      //Christopher J. Duncan//
        Christopher J. Duncan

**TABLE OF CONTENTS**

**PAGE**

**TABLE OF AUTHORITIES** ................................................................................ ii

**I.    INTRODUCTION** ........................................................................3

**II.   QUESTIONS PRESENTED** ..........................................................5

**III.  RELEVANT PROVISIONS** .........................................................5

**IV.   STATEMENT OF UNDISPUTED MATERIAL FACTS** ........................6

**V.    STANDARD FOR SUMMARY JUDGMENT** ........................................15

**VI.   ARGUMENT**................................................................................16

**VII.  CONCLUSION** ............................................................................20

**CERTIFICATE OF COMPLIANCE**

# TABLE OF AUTHORITIES

## FEDERAL CASES                                                    PAGE

AGFA Corp. v. United States,
   31 C.I.T. 778 (2007),
   aff'd. 520 F.3d 1326 (Fed. Cir. 2008) ...............................................................17


Anderson v. Liberty Lobby, Inc.,
   477 U.S. 242 (1986)..............................................................................................15


BenQ America v. United States,
   646 F.3d at 1376 (Fed. Cir. 2011) ......................................................................17


Carl Zeiss, Inc. v. United States,
   195 F.3d 1375 (Fed. Cir. 1999) ...........................................................................17


IKO Indus. Ltd. v. United States,
   904 F. Supp. 1389 (Ct. Int'l Trade 1995)
   aff'd. in part, vacated in part, 105 F.3d 624 (Fed. Cir. 1997) ...........................17


Len-Ron Mfg. Co., Inc. v. United States,
   334 F.3d 1304 (Fed. Cir. 2003) ...........................................................................16


ME Glob., Inc. v. United States,
   633 F. Supp. 3d 1349 (Ct. Int'l Trade 2023) .....................................................19


Pomeroy Collection, Ltd. v. United States,
   37 C.I.T. 130, (2013) ...........................................................................................16


Primal Lite, Inc. v. United States,
   22 C.I.T. 697 (1998)
   aff'd. 182 F.3d 1362 (Fed. Cir. 1999)..................................................................17


Simon Am Corp., v. United States,
   872 F.2d 1572 (Fed. Cir. 1989) ...........................................................................17

## TABLE OF AUTHORITIES (Cont'd)

**FEDERAL CASES**                                                    **PAGE**

Universal Elecs., Inc. v. United States,
    20 C.I.T. 337 (1996),
    aff'd. 112 F.3d 488 (Fed. Cir. 1997)......................................................................16


**FEDERAL STATUTES**

28 U.S.C. § 2639......................................................................................................16


**U.S. COURT OF INTERNATIONAL TRADE RULES**

U.S.C.I.T Rule 56(a)...................................................................................................1


**U.S. CUSTOMS AND BORDER PROTECTION**

Customs Ruling HQ 313493.................................................................................14, 15


**HARMONIZED TARIFF SCHEDULE OF THE UNITED STATES**

Chapter 48, Heading 4820 .................................................................................*passim*
Chapter 48, Heading 4820, Subheading 4820.10.40 .....................................5, 15, 19
Chapter 48, Heading 4820, Subheading 4820.10.4000 ....................................*passim*
Chapter 49, Heading 4910 .................................................................................*passim*
Chapter 49, Heading 4910, Subheading 4910.00.20 .........................................*passim*
Chapter 49, Heading 4910, Subheading 4910.00.2000 .....................................*passim*
Chapter 49, Heading 4920 .................................................................................*passim*
General Rule of Interpretation 1 ..............................................................................17

**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| BLUE SKY THE COLOR OF | x | Court No. 21-00624 |
| IMAGINATION, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| _____ | x | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### I.   INTRODUCTION

This case concerns a binary choice whether ten models of plaintiff's imported Blue Sky 2021 dated desk pad calendars and planning calendars are classified under: (1) a specific provision covering "calendars of any kind" in Heading 4910; or (2) under a basket provision covering "other" paper articles in Heading 4820. The government has already agreed that the four models of Blue Sky 2021 desk pad calendars and the two models of Blue Sky 2021 "monthly" planning calendars that it reclassified as other paper products under Heading 4820 should be classified as calendars under Heading 4910. Accordingly, only the classification of the four models of plaintiff's imported Blue Sky 2021 "weekly/monthly" planning calendars remains in dispute.

3

As it has for decades, Blue Sky correctly classified the four models of Blue Sky 2021 weekly/monthly planning calendars in a specific provision in Heading 4910 covering "calendars of any kind" printed on paper by lithographic process. Customs, in turn, has liquidated the weekly/monthly planning calendars as calendars under Heading 4910 for many years, even after review and physical examination by Customs officers. In 2019, however, Customs erroneously decided these four models of Blue Sky 2021 weekly/monthly planning calendars are not calendars after all. Customs departed from its more than 15 years of past practice and instead reclassified the Blue Sky 2021 weekly/monthly planning calendars in a basket provision under Heading 4820 covering "other" generic paper articles that do not meet the description of any of the numerous types of products listed in the heading, such as registers, notebooks, and diaries. Plaintiff timely protested, Customs denied the protest in full, and plaintiff filed the instant summons.

To its credit, the government now agrees that the four models of Blue Sky 2021 desk pad calendars and the two models of Blue Sky 2021 "monthly" planning calendars that it reclassified as other paper products under Heading 4820 should be classified as calendars under Heading 4910. Critically, the government now also admits that even the four remaining models of Blue Sky 2021 weekly/monthly planning calendars that remain in dispute also meet the common dictionary meaning of the term "calendar" in Heading 4910. This ends the court's inquiry. Given

4

Heading 4910 specifically covers calendars such as the subject Blue Sky 2021 weekly/monthly planning calendars, the alternative basket provision in Heading 4820 advanced by Customs is legally inappropriate. Accordingly, plaintiff is entitled to judgment in its favor now as a matter of law.

## II.     QUESTION PRESENTED

Whether Blue Sky 2021 weekly/monthly planning calendars are classified as calendars under Subheading 4910.00.20 or other paper articles under Subheading 4820.10.40?

## III.     RELEVANT HTSUS PROVISIONS

The relevant HTSUS tariff provisions are as follows:

4910.00.2000      **Calendars of any kind**, printed, including calendar blocks: Printed on paper or paperboard in whole or in part by a lithographic process: Not over 0.51 mm in thickness ......................................................Free

4820.10.4000      Registers, account books, notebooks, order books, receipt books, letter pads, memorandum pads, diaries and similar articles, exercise books, blotting pads, binders (looseleaf or other), folders, file covers, manifold business forms, interleaved carbon sets and other articles of stationery, of paper or paperboard; albums for samples or for collections and book covers (including cover boards and book jackets) of paper or paperboard: Registers, account books, notebooks, order books, receipt books, letter pads, memorandum pads, diaries and similar articles: **Other** …..…………....……………….Free

Emphasis added.

5

## IV.    STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      Plaintiff has been importing Blue Sky desk pad calendars and planning calendars since 2006. Exhibit 1, Defendant's Responses to Requests for Admissions 1, 2.

2.      Prior to 2019, Customs liquidated Blue Sky desk pad calendars and planning calendars as calendars under Heading 4910. Exhibit 2, Deposition of Claudia Garver ("Garver Depo."), 110:21-24.

3.      On December 2, 2021, plaintiff imported ten models of Blue Sky desk pad calendars and planning calendars in Entry No. CHQ-0712874-9. Exhibit 3, Entry No. CHQ-0712874-9, Plaintiff's Response to Defendant's Request for Production of Documents, Bates Nos. 000006-000009.

4.      The Blue Sky desk pad calendars and planning calendars are printed on paper in whole by a lithographic process on paper not over 0.51 mm in thickness. Exhibit 3, Entry No. CHQ-0712874-9, Plaintiff's Response to Defendant's Request for Production of Documents, Bates Nos. 000006-000009.

5.      Plaintiff classified all ten models of Blue Sky desk pad calendars and planning calendars as "Calendars of any kind" under HTSUS Heading 4910. Exhibit 3, Entry No. CHQ-0712874-9, Plaintiff's Response to Defendant's Request for Production of Documents, Bates Nos. 000006-000009.

6

6.     Defendant reclassified and liquidated all ten models of Blue Sky desk pad calendars and planning calendars as "Other" under Heading 4820. Exhibit 4, Protest No. 2704-21-157377, Plaintiff's Response to Defendant's Request for Production of Documents, Bates Nos. 0000014-000025.

7.     Plaintiff timely protested Customs' reclassification of these Blue Sky desk pad calendars and planning calendars as "Other" under Heading 4820. Exhibit 4, Protest No. 2704-21-157377, Plaintiff's Response to Defendant's Request for Production of Documents, Bates Nos. 000014-000025.

8.     Customs denied plaintiff's protest. Exhibit 5, Customs' protest decision, Protest No. 2704-21-157377; HQ H313493.

9.     The four models of Blue Sky 2021 desk pad calendars, 110215-21 – Desk Pad Baccara Dark 22x17 RY 2021, 111294-21 – Desk Pad Classic Red 22x17 RY 2021, 117886-21 – Desk Pad Reflections 22x17 RY 2021, 117891-21 - Desk Pad Islands 22x17 RY 2021 (collectively, "Blue Sky 2021 desk pad calendars"), are classified as calendars under HTSUS Subheading 4910.00.20. Exhibit 6, Email Correspondence with Defendant's Counsel Monica Triana ("Triana Email").

10.    The two models of Blue Sky 2021 monthly planning calendars, 101605-21 – Planning Calendar Rue Du Flore 8x10 RY 2021 and 110395-21 – Planning Calendar Joselyn 8x10 RY 2021 (collectively, "Blue Sky 2021 monthly

7

planning calendars"), are also classified as calendars under HTSUS Subheading 4910.00.20. Exhibit 6, Triana Email.

11. The sole issue before this court is the classification of the four models of Blue Sky weekly/monthly planning calendars, 110211-21 – Planning Calendar Baccara Dark 8.5x11 RY 2021, 110394-21 – Planning Calendar Joselyn 8.5x11 RY 2021, 111288-21 – Planning Calendar Classic Red 8.5x11 RY 2021, 111291-21 – Planning Calendar Classic Red 5x8 RY 2021 (collectively, "Blue Sky 2021 weekly/monthly planning calendars"). Exhibit 6, Triana Email.

12. Each of the four models of Blue Sky 2021 weekly/monthly planning calendars at issue contains one dated yearly view page, 36 dated monthly view pages, 106 dated weekly view pages, and either 10 or eleven 11 other undated pages. Exhibit 7, Item Specification-Sheet Count Details, Plaintiff's Response to Defendant's Request for Production of Documents, Bates Nos. 000137-000139.

13. The cover, yearly view, monthly view, and weekly view for 110211-21 – Planning Calendar Baccara Dark 8.5x11 RY 2021, which is representative of all four Blue Sky 2021 monthly/weekly planning calendars, are as follows:



# YEARLY OVERVIEW

## 2021

| January | February | March | April |
|---------|----------|-------|-------|
| S M T W T F S | S M T W T F S | S M T W T F S | S M T W T F S |

January
```
S  M  T  W  T  F  S
               1  2
3  4  5  6  7  8  9
10 11 12 13 14 15 16
17 18 19 20 21 22 23
24 25 26 27 28 29 30
31
```

February
```
S  M  T  W  T  F  S
   1  2  3  4  5  6
7  8  9  10 11 12 13
14 15 16 17 18 19 20
21 22 23 24 25 26 27
28
```

March
```
S  M  T  W  T  F  S
   1  2  3  4  5  6
7  8  9  10 11 12 13
14 15 16 17 18 19 20
21 22 23 24 25 26 27
28 29 30 31
```

April
```
S  M  T  W  T  F  S
               1  2  3
4  5  6  7  8  9  10
11 12 13 14 15 16 17
18 19 20 21 22 23 24
25 26 27 28 29 30
```

May
```
S  M  T  W  T  F  S
                  1
2  3  4  5  6  7  8
9  10 11 12 13 14 15
16 17 18 19 20 21 22
23 24 25 26 27 28 29
30 31
```

June
```
S  M  T  W  T  F  S
      1  2  3  4  5
6  7  8  9  10 11 12
13 14 15 16 17 18 19
20 21 22 23 24 25 26
27 28 29 30
```

July
```
S  M  T  W  T  F  S
               1  2  3
4  5  6  7  8  9  10
11 12 13 14 15 16 17
18 19 20 21 22 23 24
25 26 27 28 29 30 31
```

August
```
S  M  T  W  T  F  S
1  2  3  4  5  6  7
8  9  10 11 12 13 14
15 16 17 18 19 20 21
22 23 24 25 26 27 28
29 30 31
```

September
```
S  M  T  W  T  F  S
      1  2  3  4
5  6  7  8  9  10 11
12 13 14 15 16 17 18
19 20 21 22 23 24 25
26 27 28 29 30
```

October
```
S  M  T  W  T  F  S
                  1  2
3  4  5  6  7  8  9
10 11 12 13 14 15 16
17 18 19 20 21 22 23
24 25 26 27 28 29 30
31
```

November
```
S  M  T  W  T  F  S
   1  2  3  4  5  6
7  8  9  10 11 12 13
14 15 16 17 18 19 20
21 22 23 24 25 26 27
28 29 30
```

December
```
S  M  T  W  T  F  S
            1  2  3  4
5  6  7  8  9  10 11
12 13 14 15 16 17 18
19 20 21 22 23 24 25
26 27 28 29 30 31
```

## 2022

January
```
S  M  T  W  T  F  S
                  1
2  3  4  5  6  7  8
9  10 11 12 13 14 15
16 17 18 19 20 21 22
23 24 25 26 27 28 29
30 31
```

February
```
S  M  T  W  T  F  S
      1  2  3  4  5
6  7  8  9  10 11 12
13 14 15 16 17 18 19
20 21 22 23 24 25 26
27 28
```

March
```
S  M  T  W  T  F  S
      1  2  3  4  5
6  7  8  9  10 11 12
13 14 15 16 17 18 19
20 21 22 23 24 25 26
27 28 29 30 31
```

April
```
S  M  T  W  T  F  S
                  1  2
3  4  5  6  7  8  9
10 11 12 13 14 15 16
17 18 19 20 21 22 23
24 25 26 27 28 29 30
```

May
```
S  M  T  W  T  F  S
1  2  3  4  5  6  7
8  9  10 11 12 13 14
15 16 17 18 19 20 21
22 23 24 25 26 27 28
29 30 31
```

June
```
S  M  T  W  T  F  S
         1  2  3  4
5  6  7  8  9  10 11
12 13 14 15 16 17 18
19 20 21 22 23 24 25
26 27 28 29 30
```

July
```
S  M  T  W  T  F  S
                  1  2
3  4  5  6  7  8  9
10 11 12 13 14 15 16
17 18 19 20 21 22 23
24 25 26 27 28 29 30
31
```

August
```
S  M  T  W  T  F  S
   1  2  3  4  5  6
7  8  9  10 11 12 13
14 15 16 17 18 19 20
21 22 23 24 25 26 27
28 29 30 31
```

September
```
S  M  T  W  T  F  S
               1  2  3
4  5  6  7  8  9  10
11 12 13 14 15 16 17
18 19 20 21 22 23 24
25 26 27 28 29 30
```

October
```
S  M  T  W  T  F  S
                     1
2  3  4  5  6  7  8
9  10 11 12 13 14 15
16 17 18 19 20 21 22
23 24 25 26 27 28 29
30 31
```

November
```
S  M  T  W  T  F  S
      1  2  3  4  5
6  7  8  9  10 11 12
13 14 15 16 17 18 19
20 21 22 23 24 25 26
27 28 29 30
```

December
```
S  M  T  W  T  F  S
               1  2  3
4  5  6  7  8  9  10
11 12 13 14 15 16 17
18 19 20 21 22 23 24
25 26 27 28 29 30 31
```

000244



# JUNE

| SUNDAY | MONDAY | TUESDAY | WEDNESDAY |
|---|---|---|---|
| | | 1 | 2 |
| 6 | 7 | 8 | 9 |
| 13 | 14 Flag Day | 15 | 16 |
| 20 Father's Day | 21 First Day of Summer | 22 | 23 |
| 27 | 28 | 29 | 30 |

000314

# JUNE 2021

**21** MONDAY                                                    First Day of Summer

**22** TUESDAY

**23** WEDNESDAY

**24** THURSDAY

000322

Exhibit 8, Blue Sky Monthly/Weekly Planning Calendar Images, Plaintiff's Response to Defendant's Request for Production of Documents, Bates Nos. 000243, 000244, 000314, and 000322; Garver Depo., Exhibit 12.

14.    Bates Nos. 000244 and 000314 from 110211-21 – Planning Calendar Baccara Dark 8.5x11 RY 2021 are pages from a calendar. Exhibit 2, Garver Depo. 87:2-7.

15.    Blue Sky 2021 weekly/monthly planning calendars are used to note future appointments. Exhibit 2, Garver Depo. 94:16-20.

16.    Bates No. 000322 from 110211-21 – Planning Calendar Baccara Dark 8.5x11 RY 2021 is used in the same manner as the weekly calendar view in the Microsoft Outlook calendar application. Exhibit 2, Garver Depo. 100:18:101:17.

17.    HTSUS Subheading 4910.00.20 is an eo nomine provision. Exhibit 9, HTSUS 2021, Chapter 49, Heading 4910.

18.    HTSUS Subheading 4910.00.20 covers "Calendars of any kind, printed, including calendar blocks, printed on paper or paperboard in whole or in part by a lithographic process, not over 0.51 mm in thickness." Exhibit 9, HTSUS 2021, Chapter 49, Heading 4910.

19.    The HTSUS does not define the term "calendar." Exhibit 9, HTSUS Chapter 49, Heading 4910; Exhibit 2, Garver Depo. 23:15-18.

20.    The Cambridge English Dictionary defines the term "calendar" as follows:

> a book with a separate space or page for each day, in which you write down your future arrangements, meetings, etc.

Exhibit 10, Cambridge Dictionary.

21.    Defendant admits the Blue Sky 2021 weekly/monthly planning calendars meet the Cambridge English Dictionary definition of "calendar." Exhibit 2, Garver Depo. 37:23-38:4.

22.    The Oxford American Dictionary defines the term "calendar" as follows:

> a chart or series of pages showing the days, weeks, and months of a particular year.

Exhibit 11, Oxford American Dictionary.

23.    Defendant admits the Blue Sky 2021 weekly/monthly planning calendars meet the Oxford American Dictionary definition of "calendar." Exhibit 2, Garver Depo. 36:15-19.

24.    The Department of Commerce determined the Blue Sky 2021 weekly/monthly planning calendars are classified under Heading 4910. Exhibit 5, Customs' protest decision, Protest No. 2704-21-157377; HQ H313493; Exhibit 12, Final Scope Ruling on Planners/Calendars, Plaintiff's Response to Defendant's Request for Production of Documents, Bates Nos. 000016-000125.

25.  Plaintiff markets the Blue Sky 2021 weekly/monthly planning calendars as calendars. Exhibit 5, Customs' protest decision, Protest No. 2704-21-157377; Exhibit 5, HQ H313493; Exhibit 13, Plaintiff's Response to Defendant's Request for Production of Documents, Bates Nos. 000140-000150.

26.  The term "calendar" does not appear in Heading 4820. Exhibit 14, HTSUS 2021, Chapter 48, Heading 4820.

27.  HTSUS Subheading 4820.10.40 is a "basket" provision. Exhibit 14, HTSUS 2021, Chapter 48, Heading 4820.

## V.   STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). There is no genuine issue unless there is sufficient evidence favoring the non-moving party for a [trier of fact] to enter judgment that party. Id. at 249. Here, its is undisputed that HTSUS Subheading 4910.00.20 advanced by plaintiff specifically covers "**Calendars of any kind**," the Blue Sky 2021 weekly/monthly planning calendars meet the definition of the named term "**calendar**" in Heading 4910, and HTSUS Subheading 4820.10.40 advanced by the government is a "**basket**" provision. Based on these undisputed material facts, plaintiff is entitled to judgment as a matter of law.

15

Customs' classification decision's statutory presumption of correctness in 28 U.S.C. § 2639(a)(1) is irrelevant at the summary judgment stage. Pomeroy Collection, Ltd. v. United States, 37 C.I.T. 130, 139 (2013). Even if the presumption was relevant, Customs' decision is not entitled to a presumption of correctness here because Customs admittedly erred in defining the term "calendar." Universal Elecs., Inc. v. United States, 20 CIT 337, 338 (1996), aff'd, 112 F.3d 488 (Fed.Cir.1997) ("This presumption of correctness does not attach to Customs' classification, however, when Customs admits that its classification is erroneous."). Rather, Customs now admits, contrary to its classification decision, that the 2021 Blue Sky weekly/monthly planning calendars meet the dictionary definitions of calendar; a dated book with space to make notations about future arrangements.

## VI.  ARGUMENT

This case involves a binary choice for the court between only two HTSUS provisions: (1) **4910.00.2000 ("Calendars of any kind")** and (2) **4820.10.4000 ("Other" paper articles)**. Both competing headings are eo nomine, not use, provisions. Eo nomine means an item is identified by name. Len-Ron Mfg. Co., Inc. v. United States, 334 F.3d 1304, 1308 (Fed. Cir. 2003). When determining the correct classification for merchandise involving eo nomine provisions, the court first construes the language of the headings in question "and any relative section or chapter notes" to determine whether the merchandise is named in the HTSUS

16

provision. HTSUS General Rule of Interpretation (GRI) 1. The terms of the HTSUS "are construed according to their common and commercial meanings, which are presumed to be the same." Carl Zeiss, Inc. v. United States, 195 F.3d 1375, 1379 (Fed. Cir. 1999) (citing Simod Am. Corp. v. United States, 872 F.2d 1572, 1576 (Fed. Cir. 1989)); see BenQ Am. Corp., 646 F.3d at 1376. The court defines HTSUS tariff terms relying upon its own understanding of the terms and "lexicographic and scientific authorities, dictionaries, and other reliable information sources." Carl Zeiss, Inc., 195 F.3d at 1379; Garver Depo. 23:19-23.

If a court cannot define the meaning of a tariff term after consideration of these primary sources, a court may also look to the HTSUS Explanatory Notes for guidance but these notes are advisory only and not legally binding. AGFA Corp. v. United States, 31 C.I.T. 778, 782 (2007), aff'd, 520 F.3d 1326 (Fed. Cir. 2008) (internal citations omitted). "The Explanatory Notes cannot be used to introduce ambiguity" into the plain legislative language of the HTSUS. See Primal Lite, Inc. v. United States, 22 C.I.T. 697, 699–700 (1998), aff'd, 182 F.3d 1362 (Fed. Cir. 1999)). Further, the Explanatory Notes are disregarded when they conflict with clear statutory language in the HTSUS. See IKO Indus. Ltd. v. United States, 904 F. Supp. 1389, 1397 (Ct. Int'l Trade 1995), aff'd in part, vacated in part,105 F.3d 624 (Fed. Cir. 1997).

There is no ambiguity here. It is undisputed these 2021 Blue Sky weekly/monthly planning calendars in question meet commonly understood dictionary definitions for the term "calendar" because they contain a series of pages showing the days, weeks, and months of a particular year in which people notate future arrangements. Like all calendars, they are dated and expire, and can only be used for the listed calendar year. The government admits that they are also marketed and used as calendars. No further inquiry is necessary because Heading 4910 explicitly and broadly refers to all calendars such as the 2021 Blue Sky weekly/monthly planning calendars by name; "**Calendars of any kind**." As such, the 2021 Blue Sky weekly/monthly planning calendars are classified in Heading 4910. In this situation, this court has concluded it would be inappropriate to consider the Explanatory Notes or any other secondary or tangential resource. The Explanatory Notes must be disregarded here because the government argues they conflict with the unambiguous statutory language in Heading 4910.

The only real issue remaining is whether the 2021 Blue Sky weekly/monthly planning calendars may also be classified in Heading 4820, and, if so, which of the two competing provisions is correct. Since 2016, Customs consistently liquidated 2021 Blue Sky weekly/monthly planning calendars in Heading 4910, even after occasional physical examination by Customs officers. However, in 2019, Customs decided to reclassify these 2021 Blue Sky weekly/monthly planning calendars from

18

the more specific provision for "**Calendars of any kind**" in Subheading 4910.00.20 to the more general basket provision for "**Other**" types of printed materials in Subheading 4820.10.40. "A basket provision is not a specific provision." ME Glob., Inc. v. United States, 633 F. Supp. 3d 1349, 1367 (Ct. Int'l Trade 2023) (internal citations omitted). "Therefore, classification of imported merchandise in a basket provision is only appropriate if there is no tariff category that covers the merchandise more specifically." Id.

Here, the statutory language in Subheading 4910.00.20 specifically covers any and all types of calendars, plainly including these 2021 Blue Sky weekly/monthly planning calendars that the government admits meet the definition of calendar and are marketed and used as calendars. Even a casual review of the images of Blue Sky weekly/monthly planning calendars set forth above in the Statement of Undisputed Material Facts confirms this conclusion because, as the government admits, they are quite obviously pages from a calendar. They are dated by calendar year and expire at the conclusion of 2021, unlike all the paper products in Heading 4820, which do not expire. Accordingly, Customs erred in reclassifying these four models of 2021 Blue Sky weekly/monthly planning calendars from the specific provision for calendars in Heading 4910 to a basket provision for other

19

generic paper articles in Subheading 4820.10.40.[1] Finally, even assuming arguendo the planning calendars could be classified in both provisions, which they cannot, the correct classification would still be Subheading 4910.00.20 because it comes later in the tariff code. See GRI 3(c).

## VII.   CONCLUSION

The case presents a straightforward choice between two classifications: Subheading 4910.00.2000 ("Calendars of any kind") and Subheading 4820.10.4000 ("Other"). Subheading 4910.00.2000 is both specific in that it only covers calendars, and inclusive in that it covers all "calendars of any kind." Given the plain, unambiguous language of the HTSUS, and the absence of the term "calendar" from any other HTSUS heading, this is clearly the heading in which any type of calendar is correctly classified. In contrast, the basket provision of Subheading 4820.10.4000 could not be more general, in that it covers "other" paper products, and exclusive in that it only covers paper products that do not fall under any of the several categories of products listed in the heading, such as agenda books, notebooks, journals, diaries, and many others. Unlike calendars of Heading 4910, the types of paper materials in Heading 4820 are not dated by year and do not expire at the end of the year like the subject 2021 Blue Sky weekly/monthly planning calendars.

---

[1] Chapter 49 is entitled "Printed books, newspapers, pictures." Chapter 48 in entitled "Paper and paperboard articles of paper pulp."

Importantly, both parties agree the 2021 Blue Sky weekly/monthly planning calendars in question meet the commonly understood dictionary definition of a calendar: a dated book with pages for weeks, months, and year in which you notate future appointments. To be blunt, the government's admission ends the court's inquiry. Subheading 4910.00.2000 specifically covers the calendars and Subheading 4820.10.4000 is a basket provision, so only Subheading 4910.00.2000 is an appropriate classification.

The government already agrees with plaintiff that six of the ten models of similar dated 2021 calendar products at issue in this case are correctly classified as calendars under Heading 4910. The government has thus far withheld agreement as to the final four 2021 planning calendar models even though it concedes they too meet the definition of calendar, requiring plaintiff to seek the court's intervention through the instant motion. A trial is unnecessary here because the parties agree on the dispositive material fact that the 2021 Blue Sky weekly/monthly planning calendars are calendars.

Given there are no material facts in dispute, the court can decide this case on the papers. Subheading 4910.00.2000 advanced by plaintiff specifically covers calendars such as the subject 2021 Blue Sky weekly/monthly planning calendars, so the basket provision in Subheading 4820.10.4000 advanced by Customs is inappropriate as a matter of law. Accordingly, the court should grant this motion and enter judgment for plaintiff.

Dated August 23, 2023, Los Angeles, California.

Respectfully submitted,

STEIN SHOSTAK SHOSTAK POLLACK & O'HARA
Attorneys for Plaintiff
865 S. Figueroa Street, Suite 1388
Los Angeles, California 90017
Telephone: (213) 630-8888

By    //Christopher J. Duncan//
      Christopher J. Duncan

**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| BLUE SKY THE COLOR OF IMAGINATION, LLC | x : | Court No. 21-00624 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | x | |

## CERTIFICATE OF COMPLIANCE

Plaintiff Blue Sky the Color of Imagination, LLC's Memorandum of Points

and Authorities in support of its Motion for Summary Judgment complies with

Chambers Procedures word limitation requirement of less than 7,000 words.

According to the word processing system used to prepare the Memorandum in

Support of Plaintiff's Motion, there are 3,293 words contained in the Memorandum.

Respectfully submitted,
Stein Shostak Shostak Pollack & O'Hara, LLP


By: //s// Christopher J. Duncan
Christopher Duncan, Esq.
Attorneys for Blue Sky The Color of Imagination, LLC
865 S. Figueroa St., Suite 1388
Los Angeles, CA    90071
(213) 630-8888
E-Mail: cduncan@steinshostak.com.

Dated: August 23, 2023