**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| BLUE SKY THE COLOR OF IMAGINATION, LLC | x : : | Court No. 21-00624 |
| Plaintiff, | : : | |
| v. | : : | |
| UNITED STATES, | : : | |
| Defendant. | : : | |
| _____ | x | |

## [PROPOSED] ORDER

Upon reading Plaintiff's motion for summary judgment, the Government's opposition thereto and cross-motion for summary judgment, Plaintiff's opposition and reply, and the Government's reply; and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that Plaintiff's motion be, and hereby is, granted, and it is further

**ORDERED** that the Government's cross-motion be, and hereby is, denied, and it is further;

**ORDERED** that Plaintiff is awarded fees and costs; and it is further;

**ORDERED** that Plaintiff is awarded the following additional relief

_____.


_____
JANE A. RESTANI, JUDGE

Dated: _____, 2024
              New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| BLUE SKY THE COLOR OF | x | Court No. 21-00624 |
| IMAGINATION, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| _____ | x | |

### **PLAINTIFF'S OPPOSITION TO THE GOVERNMENT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND REPLY TO THE GOVERNMENTS OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(a) of the Rules of the U.S. Court of International Trade, Plaintiff hereby opposes the Government's cross-motion for summary judgment and replies to the Government's opposition to Plaintiff's motion for summary judgment. As set forth in the accompanying memorandum of law, there are no material facts in genuine dispute and the subject ten dated Blue Sky 2021 products are correctly classified as calendars under HTSUS Subheading 4910.00.2000. Accordingly, Plaintiff is entitled to judgment as a matter of law.

WHEREFORE, Plaintiff requests that this Court enter an order: (1) granting Plaintiff's motion for summary judgment; (2) denying the Government's cross-motion for summary judgment; (3) classifying the subject dated Blue Sky 2021 desk

pads, monthly planners, and weekly/monthly planners under HTSUS Subheading 4910.00.2000; and (4) awarding plaintiff attorney's fees, costs, and other relief as the Court deems appropriate because the Government's position is not substantially justified.

Dated December 22, 2023, Los Angeles, California.

Respectfully submitted,

STEIN SHOSTAK SHOSTAK POLLACK & O'HARA
Attorneys for Plaintiff
865 S. Figueroa Street, Suite 1388
Los Angeles, California 90017
Telephone: (213) 630-8888

By      //Christopher J. Duncan//
         Christopher J. Duncan

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................... iii

I.      INTRODUCTION .................................................................3

II.     QUESTIONS PRESENTED ....................................................7

III.    RELEVANT PROVISIONS ....................................................7

IV.     UNDISPUTED MATERIAL FACTS
        CONCERNING MONTHLY AND WEEKLY/MONTHLY
        PLANNER CALENDARS .......................................................8

V.      ARGUMENT......................................................................12

        A. Legal Meaning of the HTSUS Heading 4910 Term
           "Calendar" ..................................................................12

        B. Legal Meaning of the HTSUS Heading 4820 Term
           "Similar Article" .........................................................14

        C. There are No Genuine Issues as to Material Facts ...........................19

            1. The Weekly View Pages in the Four Blue Sky 2021
               Weekly/Monthly Planners at Issue are Weekly Calendars ...........20

            2. Both the 2021 Blue Sky Weekly/Monthly and
               Monthly Planner Calendars are Designed, Marketed,
               Sold, and Displayed the Same .........................................23

i

## <u>TABLE OF CONTENTS (Cont'd.)</u>

**PAGE**

3. **<u>None of the Additional, Minor Features Discussed By the Government are Material but Even if They are They Prove the Weekly/Monthly Planners are Calendars Because The Monthly Planners Have the Exact Same Features</u>** .......................................25

**VI.** **<u>CONCLUSION</u>** ............................................................................28

**CERTIFICATE OF COMPLIANCE** ....................................................30

# TABLE OF AUTHORITIES

## FEDERAL CASES                                             PAGE

Aectra Ref. & Mktg. v. United States,
   533 F. Supp. 2d 1318
   C.I.T 2086 (Ct. Int'l Trade 2007) ........................................................16

Anderson v. Liberty Lobby, Inc.,
   477 U.S. 242 (1986)...........................................................................12

Pitsker v. Office of Pers. Mgmt.,
   234 F.3d 1378 (Fed. Cir. 2000)...........................................................16

Thai Plastic Bags Indus. Co. v. United States,
   752 F. Supp. 2d 1316 (Ct. Int'l Trade 2010) ......................................24

Yates v. United States,
   574 U.S. 528 (2015) ..........................................................................14


## U.S. COURT OF INTERNATIONAL TRADE RULES

U.S.C.I.T Rule 56(a) ....................................................................................1

## HARMONIZED TARIFF SCHEDULE OF THE UNITED STATES

Chapter 48, Heading 4820 ...............................................................*passim*
Chapter 48, Heading 4820, Subheading 4820.10.40 .................................7
Chapter 48, Heading 4820, Subheading 4820.10.4000 ........................4, 7
Chapter 49, Heading 4910 ...............................................................*passim*
Chapter 49, Heading 4910, Subheading 4910.00.20 .................................7
Chapter 49, Heading 4910, Subheading 4910.00.2000 ...................*passim*

## OTHER

Federal Rule of Civil Procedure Rule 30.........................................*passim*

**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| BLUE SKY THE COLOR OF | x | Court No. 21-00624 |
| IMAGINATION, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| _____ | x | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THE
GOVERNMENT'S CROSS-MOTION FOR SUMMARY JUDGMENT
AND REPLY TO THE GOVERNMENT'S OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## I.  INTRODUCTION

Calendars printed on paper are products that systematically display the days, weeks, or months of a year in chronological order on pages made from paper. Each of Plaintiff's four products still in dispute, like the six products the Government now agrees with Plaintiff are calendars, display the days, weeks, and months of calendar year 2021 in chronological order on pages made from paper. Thus, each of Plaintiff's ten products at issue in this case is classified as a calendar.

The case involves the classification of ten dated, calendar year 2021 Blue Sky desk pads and planners[1] in a single entry, Entry No. CHQ-0712874-9. In its opposition brief, the Government now admits Customs erred when it reclassified the four Blue Sky 2021 desk pads [Item Nos. 111294-21 (Def. Ex. G), 117866-21 (Def. Ex. H, 117891 (Def. Ex. I), and 110215 (Def. Ex. J)] and the two Blue Sky 2021 monthly planners [Item Nos. 101605-21 (Def. Ex. E) and 110395-21 (Def. Ex. F)] in the subject entry from HTSUS Subheading 4910.00.2000, the Subheading for calendars, to HTSUS Subheading 4820.10.4000, the Subheading for generic, undated stationary such as registers, notebooks, and memorandum pads. Consequently, the parties agree the sole issue before the Court is the classification of the remaining four dated Blue Sky calendar year 2021 weekly/monthly planners [Item Nos. 110211-21 (Def. Ex. A), 110394-21 (Def Ex. B), 111288-21 (Def. Ex. C), and 111291-21 (Def. Ex. D)].

These four Blue Sky 2021 weekly planners in dispute are titled "Weekly/Monthly Planner JAN 2021-DEC 2021." Most of the pages in the four 2021 Blue Sky weekly/monthly planners are weekly calendar view pages presented in a two-page spread, systematically displaying the days of a week (e.g., a column for Monday, June 21, 2021-Thursday, June 24, 2021, on one page and a column for

---

[1] Plaintiff refers to these articles as "planning calendars" and the Government prefers to use the term "planners." For ease of the Court, and to ensure there is no confusion, Plaintiff will refer to the articles by the Government's term "planners."

Friday, June 25-Sunday, June 28, 2021, on the opposite page) of calendar year 2021.

See Def. Ex. K, Peterson Depo. Tr. at 24:17-21, 40:7-15. These weekly view pages, which the parties agree impart the essential character of the weekly/monthly planners by virtue of their overall prevalence, easily meet both Plaintiff's definition of a calendar ("dated book with pages for days, weeks, months, and year in which you notate future appointments") and the Government's comparable definition of a calendar ("a system or chart representing the days, weeks or months of the year)" because they systematically present the days and weeks of a calendar year. See Gov't Opp./Cross-MSJ at 25. Accordingly, the four Blue Sky 2021 weekly/monthly planners that are still at issue in this case are classified in HTSUS Subheading 4910.00.2000 as "Calendars of any kind."

Faced with this realization, the Government devotes most of its brief to painstakingly discussing peripheral features of the weekly/monthly calendars, such as space to take notes, lined sections, and inconsequential reference pages, which it apparently argues transform the dated calendar year 2021 weekly/ monthly planners from calendars into something more akin to an undated, generic notebook. Unfortunately for the Government, the two Blue Sky 2021 monthly planners the Government now admits are classified as calendars have these **exact same features**. Having already admitted the Blue Sky 2021 monthly planners are calendars for purposes of the tariff, the Government is judicially estopped from arguing conversely that the interchangeable Blue Sky

2021 weekly/monthly planners with these exact same features are not calendars.

Further, the Blue Sky 2021 monthly and weekly/monthly planners are both designed with the same purpose (to ascertain dates to plan for future events), marketed the same (as planners), sold to the same retail store buying groups (dated products groups), and displayed for retail sale in the same locations in retail online and brick and mortar stores with the same descriptive sales language (e.g., home, office supply, dated organizers for use in "planning"). Again, already admitting that the two Blue Sky 2021 monthly planners are calendars, the Government is estopped from arguing the Blue Sky 2021 weekly/ monthly planners designed for the same purpose, marketed in the same manner, sold to the same retail store buying teams, and displayed in the same sections of retail and online stores using the same descriptive advertising, are not calendars. For all intents and purposes, all these planners are all functionally and practically the same: **calendars**.

The parties agree there are no genuine issues applicable to any material facts. Based on the Government's admissions, statement of undisputed facts, and arguments in its opposition brief, which support Plaintiff's position that the four Blue Sky weekly/monthly planners in dispute are calendars, Plaintiff is entitled to judgment as a matter of law. Accordingly, the Court should grant summary judgment for Plaintiff and classify all ten Blue Sky 2021 printed products in this case,

including the four Blue Sky 2021 weekly/monthly planners still in dispute, in HTSUS Subheading 4910.00.2000 as calendars of any kind. Further, the Court should award Plaintiff fees and expenses given the Government's position regarding the Blue Sky 2021 weekly/monthly planners is not substantially justified.

## II.   QUESTION PRESENTED

Whether dated Blue Sky calendar year 2021 weekly/monthly planners, like dated Blue Sky calendar year 2021 monthly planners, are classified as calendars of any kind under HTSUS Subheading 4910.00.20 or other paper articles under HTSUS Subheading 4820.10.40?

## III.   RELEVANT HTSUS PROVISIONS

The relevant HTSUS tariff provisions are as follows:

4910.00.2000   **Calendars of any kind**, printed, including calendar blocks: Printed on paper or paperboard in whole or in part by a lithographic process: Not over 0.51 mm in thickness ......................................................Free

4820.10.4000   **Registers, account books, notebooks, order books, receipt books, letter pads, memorandum pads, diaries and similar articles**, exercise books, blotting pads, binders (looseleaf or other), folders, file covers, manifold business forms, interleaved carbon sets and other articles of stationery, of paper or paperboard; albums for samples or for collections and book covers (including cover boards and book jackets) of paper or paperboard: Registers, account books, notebooks, order books, receipt books, letter pads, memorandum pads, diaries and similar articles: **Other** …..…………...……………….Free

(Emphasis added).

7

## IV.   UNDISPUTED MATERIAL FACTS CONCERNING WEEKLY/MONTHLY AND MONTHLY PLANNERS

1.      Plaintiff Blue Sky is in the calendar business for approximately 20 years, is the top calendar producer in the United State, and produces both Blue Sky weekly/monthly and monthly planners. <u>See</u> Def. Ex. K, Peterson Depo. Tr. at 177:4-20.

2.      Both the Blue Sky 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars cover calendar year 2021. <u>See</u> Def. Ex. A-F.

3.      Both the Blue Sky 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars are labeled "Tabbed Planner JAN 2021-DEC 2021." <u>See</u> Def. Ex. A-F.

4.      Both the Blue Sky 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars contain a "Yearly Overview" reference page. <u>See</u> Def. Ex. A-F.

5.      Both the Blue Sky 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars contain a "This Planner Belongs To/Yearly Goals" reference page. <u>See</u> Def. Ex. A-F.

6.      Both the Blue Sky 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars contain a "Contacts" reference page. <u>See</u> Def. Ex. A-F.

8

7.      Both the Blue Sky 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars contain a "Important Dates" reference page. <u>See</u> Def. Ex. A-F.

8.      Both the Blue Sky 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars contain pages with an additional six "bonus" months of calendars for the previous calendar year (July 2020-December 2020). <u>See</u> Def. Ex. A-F.

9.      Both the Blue Sky 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars contain monthly view calendar pages for calendar year 2021 (January 2021-December 2021), albeit the weekly/monthly calendars also contain weekly view calendar pages. <u>See</u> Def. Ex. A-F.

10.     Both the Blue Sky 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars consist of a majority of pages showing the days, weeks, and months of calendar year 2021. <u>See</u> Def. Ex. A-F.

11.     These pages showing the days, weeks, and months of calendar year 2021 for both the Blue Sky 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars have space with lines in each day available to the user for making notes. <u>See</u> Def. Ex. A-F.

12.    Both the Blue Sky 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars contain multiple undated pages with lines available to users for taking notes. <u>See</u> Def. Ex. A-F.

13.    Both the Blue Sky 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars contain a "Holidays" reference page. <u>See</u> Def. Ex. A-F.

14.    Both the Blue Sky 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars contain a "States and Capitols" reference page with a map of the United States, except for weekly/monthly planner Item No. 110394-21 (Def. Ex. B) and monthly planner Item No. 110395-21 (Def. Ex. F). <u>See</u> Def. Ex. A, C-E.

15.    Both the Blue Sky 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars have a poly storage pocket, except for weekly/monthly planner Items Nos. 111288-21 (Def. Ex. C) and 111291-21 (Def. Ex. D). <u>See</u> Def. Ex. A-B, E-F.

16.    Both the Blue Sky calendar year 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars are designed to allow users to plan for and notate future events, not to record information on past events, like a diary. <u>See</u> Def. Ex. K, Peterson Depo. Tr. at 78:4-79:8, 176:6-18, 176:19-177:1.

17.     Both the Blue Sky calendar year 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars are marketed as planners. See Def. Ex. K, Peterson Depo. Tr. at 83:16-85:3, 176:3-5.

18.     Both the Blue Sky 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars are sold to the same retail store buying teams for dated items, which are different from the retail store buying teams for undated items such as notebooks. See Def. Ex. K, Peterson Depo. Tr. at 87:11-89:21, 92:13-93:8, 171:25-172:6.

19.     Both the Blue Sky 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars are displayed in the same fixed sections for dated items at retail online and brick and mortar stores. See Def. Ex. K, Peterson Depo. Tr. at 87:1-6, 124:18-125:11, 175:4-176:5.

20.     Both the Blue Sky 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars are advertised using the same descriptive language at retail online and brick and mortar stores. See Def. Ex. K, Peterson Depo. Tr. at 152:11-20.

21.     Both the Blue Sky 2021 weekly/monthly planners at issue and the Blue Sky 2021 monthly planners the Government admits are calendars are seasonal, expire, become obsolete, and must be disposed of after the start of the calendar year in which they are dated. See Def. Ex. K, Peterson Dep. Tr., at 90:8-21.

# V.   ARGUMENT

## A.   Legal Meaning of the HTSUS Heading 4910 Term "Calendar"

As an initial matter, the Government claims the parties dispute the meaning of the term "calendar" as used in HTSUS Heading 4910 ("Calendars of any kind"). From Plaintiff's perspective, the four Blue Sky 2021 weekly/monthly planners in question meet both parties' respective definitions, so there is no genuine dispute about the definition of a calendar. However, assuming *arguendo* there is a legal dispute, the substantive law will identify which facts are material. The Court will need to resolve this possible dispute as a matter of law to adjudicate the parties' competing motions for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Consistent with multiple well-known dictionaries, such as Cambridge English and Oxford dictionaries, Plaintiff defines the term "calendar" to be "a chart or series of pages showing the days, weeks, and months of a particular year." Importantly, the Government's Rule 30(b)(6) witness readily admitted the subject weekly/monthly planners meet this definition. See Pl. Ex. 2, Garver Depo. Tr. at 36:8-37:4. The Government similarly defines the term "calendar" to be "a system or chart representing the days, weeks or months of the year."[2] See Gov't Opp./Cross-MSJ at 25. On their face, these two definitions

---

[2] The Government appears to want to contend without saying that a calendar must have a grid, table, or box layout to be a calendar. The problem with this argument and the reason the

appear to be interchangeable, so there is no genuine legal dispute about the definition of a calendar for purposes of the tariff.

Contrary to the arguments advanced by the Government in its opposition brief, neither of the parties' respective definitions lists the existence or amount of space for notes, whether there are lined sections, or the presence of a grid format as factors determinative of whether an article is a calendar. Rather, the common feature of calendars according to both parties' definitions is the presence of dated pages representing the days, weeks, or months of a particular year, in this case calendar year 2021, in systematically displayed in chronological order. Consistent with the parties' offered definitions, the Court should therefore adopt and apply the following definition of "calendar" for tariff purposes: a systematic representation of the days, weeks or months of a calendar year (e.g., 2021).

---

Government does not overtly make this argument in its brief, is that none of the dictionary definitions of "calendar" include this requirement, and the Government's own Rule 30(b)(6) witness admitted a calendar need not have a table, grid, or box layout, but instead just needs to have some form of organization. See P. Ex. 2, Garver Depo. Tr. at 22:6-23:14. As such, the Government uses the terms "system" or "chart" in place of grid or table to insinuate a calendar must have a grid type of format. The problem with this argument is that neither the term "chart" nor the term "system" require information to be presented in the form of a grid, table, or box, either. Rather, these terms merely connote things (tables, lists, graphs, charts, etc.) that present information in an orderly, systematic fashion. The Blue Sky 2021 weekly/monthly planners, like the Blue Sky 2021 monthly planners the Government admits are calendars, indisputably display days, weeks, and months of a year in an organized, systematic, chronological fashion, so they clearly meet the Government's definition of calendar.

**B.**    **Legal Meaning of the HTSUS Heading 4820 Term "Similar Article"**

Given the parties agree on the basic definition of calendar in Heading 4910, the Court need not consider the Government's preferred classification as a "similar article" to the listed undated articles in Heading 4820. However, it is worth considering whether the Blue Sky 2021 weekly/monthly planners can even be classified in Heading 4820 as advanced by the Government. Even a cursory review reveals they are not. Heading 4820 does not mention calendars or other dated products and instead lists the following materially different, undated stationary as exemplars: "Registers, account books, notebooks, order books, receipt books, letter pads, memorandum pads, diaries, and similar articles."

The parties agree these four Blue Sky 2021 weekly/monthly planners are not any of the listed exemplar stationary articles, so the Court must consider whether they are "similar articles" to the listed exemplars. The statutory canon of *ejusdem generis* is instructive in analyzing the meaning of the term "similar article." This canon provides that "where general words follow specific words in a statutory enumeration, the general words are [usually] construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." Yates v. United States, 574 U.S. 528, 545 (2015). Here, the listed articles are all undated stationary items designed to log business or personal information for **historical** purposes (i.e., a register, receipt book, or diary). See Pl. Ex. 2, Garver Depo. Tr. at

25:22-26:21. Unlike the articles listed in Heading 4820, which are almost all undated,[3] do not systematically show the days, weeks, or months of a year in chronological order, and are designed to record **past or contemporaneous events** for business or personal reasons, the subject Blue Sky 2021 weekly/monthly planners, like the Blue Sky monthly planners the Government agrees are calendars, are dated, systematically show the days, weeks, or months of a year, and, like all calendars, are designed to notice **_future_** events. See Pl. Ex. 2, Garver Depo. Tr. at 37:13-19. Accordingly, the subject weekly/monthly planners cannot be classified as a "similar article" to the undated stationary in Heading 4820.

Plaintiff expends much effort discussing HTSUS Explanatory Notes (EN), which mention so-called "engagement books" or "engagement calendars." This red herring distracts the Court from the real issues at hand. As a threshold matter, given the subject weekly/monthly planners meet the definition of "calendar" in Heading 4910 for tariff purposes, there is no need to consult the ENs. Even if the Court chooses to review the ENs as requested by the Government, they are unhelpful to the Court in this case because they pertain to an article that is materially different from the weekly/monthly planners in dispute.

---

[3] Based on a cursory review of diaries for sale online, although a very few diaries are dated, virtually all are undated. This is consistent with the common sense understanding of a diary or journal, which allow people to record past events only for particular moments of significance. None of the other listed exemplars are dated.

After an extensive search, Plaintiff is unable to locate a definition of either "engagement book" or "engagement calendar" in any major dictionary (Websters, Cambridge, Oxford, Black's Law, etc.). The Government offers a definition from an obscure dictionary (Collins) that mirrors the definitions of the other undated stationary items in Heading 4820: "a book or **diary** in which people keep a note of their social or business appointments." (emphasis added). <u>See</u> Gov't Opp/Cross-MSJ at 26-27. Given this definition plainly contemplates an undated article such as a "diary" designed to record information about **past**, not future, events, it does not apply to the subject dated Blue Sky 2021 weekly/monthly planners, which are  dated and specifically designed to be used to compare relative calendar dates in order to plan for future events.

Further, the Government's proposal that the disputed Blue Sky 2021 weekly/monthly planners are "similar items" to diaries and notebooks violates the so-called "whole act" rule of statutory interpretation, which posits that "each part or section of a statute should be construed in connection with every other part or section so as to produce a harmonious whole." <u>Aectra Ref. & Mktg v. United States</u>, 533 F. Supp. 2d 1318, 31 C.I.T. 2086, 2093 (Ct. Int'l Trade 2007). Another fundamental canon of statutory interpretation is that a statute should be construed in a sensible way that avoids absurd consequences. <u>See</u> <u>Pitsker v. Office of Pers. Mgmt.</u>, 234 F.3d 1378, 1383 (Fed. Cir. 2000). Here, the Government's proposal that these dated Blue

Sky 2021 weekly/monthly planners be classified as "similar items" to generic undated stationary articles in Heading 4820, instead of classified with other dated calendars in Heading 4910, is absurd on its face. The Court should reject the Government's irrational proposed classification in Heading 4820.

None of the ten dated calendar year 2021 Blue Sky printed products in this case, not the desk pads, not the monthly planners, and not the weekly/monthly planners, are mere notebooks or generic stationary, as the Government advances. Notebooks, letter pads, memorandum pads, and similar products covered by Heading 4820 are undated and can be manufactured and sold year after year in the same format. All ten models of calendars, like all calendars, are dated by year (2021) and could only be sold for a few months just before calendar year 2021 started, and perhaps in the first few weeks of 2021, before they became outdated and unsellable. See Def. Ex. K, Peterson Dep. Tr., at 90:8-21. As of now, unlike articles in Heading 4820, the ten sample Blue Sky 2021 products before the Court are expired, obsolete, and useless to consumers. Id. No one wants a dated weekly, monthly, or yearly planner from a prior year. This defeats the whole purpose: to plan **future** events. Once these dates are in the past, the planners have no reasonable use. On the other hand, notebooks, registers, and other generic stationary products in Heading 4820 have no such limitation. Given they are undated, they have an unlimited shelf-life. These generic stationary products effectively have nothing in common with the ten

dated Blue Sky calendar year 2021 products at issue in this case, including the disputed calendar year 2021 weekly/monthly planners.

This same reasoning shows that the Government's reliance on <u>Mead</u> is misplaced. First, as the Government recognizes, the Court in <u>Mead</u> did not even consider Heading 4910, so it provides no guidance on classification in the only heading for calendars. On that basis alone, it is inapposite. More importantly, the item at issue in <u>Mead</u> is readily distinguishable from the Blue Sky 2021 weekly/monthly planners at issue in this case. Instead of overwhelmingly containing dated pages like Blue Sky planners, the item in <u>Mead</u> contains but a single dated calendar page insert at the beginning, and is comprised almost entirely of **<u>undated</u>** notes pages that could consequently be used for any purpose, but **<u>not used as a calendar</u>**. <u>See</u> Pl. Ex. 2, Garver Depo. Tr. 43:3-15. As such, the same <u>Mead</u> product can be sold and used year after year simply by inserting a new calendar page at the beginning. Indeed, the article in <u>Mead</u> is exactly the example Plaintiff highlighted in its motion for summary judgment as the type of memorandum pad that is specifically excluded from Heading 4910: an article that is primarily undated lined stationary pages with a single calendar at the beginning or end for quick reference. <u>See</u> HTSUS Heading 4910, EN (a). Most importantly, this is the **<u>opposite</u>** of the planners at issue: articles that are **<u>principally dated calendar pages</u>**, with **<u>only a few incidental undated reference pages</u>**. As the Government's Rule 30(b)(6) witness relayed, each

of the rulings on which Customs relied to support its classification decision likewise relate to items that appear to be distinguishable from the planners at issue in this case because they likewise contain only a one-page calendar insert combined with a majority of undated notes pages. <u>See</u> Pl. Ex. 2, Garver Depo. Tr. at 72-82. In highlighting <u>Mead</u>, which demonstrates how different and distinguishable the "engagement book" in <u>Mead</u> is from the dated planners at issue, the Government has unintentionally proven Plaintiff's case.

### C.   <u>There are No Genuine Issues as to Material Facts</u>

With the legal terms established, including the definition of a calendar, the Court can next consider whether there are any genuine issues as to material facts. Here, the parties agree that there are no genuine issues as to material facts. This case turns on whether the weekly view pages in the four Blue Sky calendar year 2021 weekly/monthly planners in question, which constitute most of the pages, and thus the essential character of these articles, are calendar pages. If these pages represent weekly views of a calendar, Plaintiff prevails and the Court must classify the planners in Heading 4910. If they do not and are simply generic lined notebook pages as the Government advances, the Court should consider an alternative classification to Heading 4820 because the Government's chosen classification in Heading 4820 is inappropriate, as discussed above.

### 1.    The Weekly View Pages in the Four Blue Sky 2021 Weekly/Monthly Planners at Issue are Weekly Calendars

There is no dispute concerning the properties or characteristics of the weekly view pages, which are the majority of the pages in the four calendar year 2021 Blue Sky weekly/monthly planners at issue in this case, and appear as depicted in the following representative example of a two-page spread for June 21-27, 2021 in Item No. 110211-21:



See Def. Ex. A, pp. 314-315. This two-page spread, like all weekly view pages, indisputably displays an organized representation of the days (Monday through Sunday) of a week (June 21-27, 2021) in the month of June in the calendar year 2021 and provides space at each day to notate future plans. These pages showing the days of a week in June 2021 quite obviously meet the definition of a calendar as

advanced by either party in that they show the weeks of a calendar year (2021) in chronological order. In fact, the Government's Rule 30(b)(6) witness agrees, and admitted during her deposition that the subject four Blue Sky 2021 weekly/monthly planners consist almost entirely of a series of pages showing the days, weeks, and months of a particular year in which people notate plans for future events. <u>See</u> Pl. Ex. 2, Garver Depo. Tr. at 36:8-37:4.

These weekly view pages in the Blue Sky 2021 weekly/monthly planners are remarkably similar to the following image cited by the Cambridge English Dictionary as a visual example of the U.S. definition of a calendar:



<u>See</u> Pl. Ex. 17, Cambridge English Calendar (U.S. definition of "calendar"). If, despite the prevalence of lines for notetaking, these pages are part of a calendar, as

the Cambridge English Dictionary says they are in the United States, then the very similar weekly view pages in the Blue Sky 2021 weekly/monthly planners are also parts of a calendar.

The Government spends much time scrutinizing the "weekly view" pages of the weekly/monthly planners, as if there is no such thing as a weekly view of a calendar. Yet, both parties' definitions of calendar explicitly allow for calendars that display the "**weeks**" of a year. The Government's argument that calendars can only show monthly or yearly views of a calendar is misplaced. Moreover, as the Court recognizes, and the Government's Rule 30(b)(6) witness admits, when a person scrolls an iPhone, Windows, Yahoo, Google, Microsoft Outlook, or paper calendar from the yearly view to the monthly view to the weekly view, to the daily view, and so on, the calendar is not transformed into an undated notebook, or something other than a calendar, just because the person is now viewing a dated weekly or daily page rather than a dated monthly or yearly page. See Pl. Ex. 2, Garver Depo. Tr. at 46:24-47:9, 51:10-18. Indeed, no matter which view a person selects when viewing a calendar, daily, weekly, monthly, or yearly, whether printed, on a mobile phone, or on a computer, the person is still viewing a calendar. When asked why the Government concludes the weekly view page on a calendar app to be a calendar but a virtually identical weekly view page in the Blue Sky 2021 planners at issue to not be a calendar, the Government's Rule 30(b)(6) witness was unable provide a cogent

explanation. <u>See</u> Pl. Ex. 2, Garver Depo. Tr. at 87:2-89:15, 101:13-103:18. Plaintiff posits that this is because there is no valid reason, other than the Government rejects this fact because it disproves the Government's case.

Given the majority of the pages in each of these four Blue Sky 2021 weekly/monthly planners consist of weekly view calendar pages, these calendar pages impart the essential character of the articles, and all four articles are classified as calendars in HTSUS Subheading 4910.00.2000 (Calendars of any kind with page thickness under .51 millimeters) like the other six comparable dated Blue Sky articles in the entry. There is no need to review other HTSUS headings or consult the ENs or other secondary sources because Heading 4910 explicitly covers "Calendars of any kind" and is the only heading in the HTSUS covering calendars.

### 2.   <u>Both the 2021 Blue Sky Weekly/Monthly and Monthly Planner Calendars are Designed, Marketed, Sold, and Displayed the Same</u>

Plaintiff's Rule 30(b)(6) witness, Plaintiff Blue Sky's Vice President of Operations, Elaine Peterson, who has 20 years of experience in the calendar business, testified extensively about how the Blue Sky weekly/monthly are designed, marketed, sold, and displayed almost exactly the same as the Blue Sky monthly planners. <u>See</u> Def. Ex. K, Peterson Depo. Tr. at 78:4-79:8, 83:16-85:3, 87:11-89:21, 92:13-93:8, 87:1-6, 90:8-21, 124:18-125:11, 152:11-20, 171:25-172:6, 175:4-176:5, 176:3-5, 176:6-18, and 176:19-177:1. Both planners are designed to be used as a

calendar to plan future events. See Def. Ex. K, Peterson Depo. Tr. at 78:4-79:8, 80:9-81:3, 81:20-82:14. Both are marketed as dated planners. See Def. Ex. K, Peterson Depo. Tr. at 78:4-79:8. Both are sold to retailers through the same dated products, not notebooks, buying teams at online and brick and mortar stores. See Def. Ex. K, Peterson Depo. Tr. at 87:11-89:21, 92:13-93:8, 171:25-172:6. Both are displayed in the same sections in retail stores and advertised using the exact same descriptive language. See Def. Ex. K, Peterson Depo. Tr. at 87:1-6, 124:18-125:11, 175:4-176:5. Having admitted that the Blue Sky 2021 monthly planners are calendars, the Government is judicially estopped from arguing that the virtually indistinguishable Blue Sky 2021 weekly/monthly planners are classified differently. See, e.g., Thai Plastic Bags Indus. Co. v. United States, 752 F. Supp. 2d 1316, 1326 (Ct. Int'l Trade 2010) ("Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.") (internal citations omitted). If the Blue Sky monthly planners are calendars, as the Government admits, then the Blue Sky weekly/monthly planners, which are exactly the same except they also provide weekly calendar views in addition to monthly calendar views, are also calendars.

3.    **None of the Additional, Minor Features Discussed By the Government are Material but If They are, Then They Prove the Weekly/Monthly Planners are Calendars Because The Monthly Planners Have the Exact Same Features**

Faced with its own Rule 30(b)(6) witness' admission that the Blue Sky 2021 weekly/monthly planners meet the basic definition of a calendar, as well as the lack of any meaningful distinction between the weekly/monthly calendars at issue and the monthly planners it admits are calendars, the Government devotes its brief to immaterial features, such as space to take notes, lined sections, and additional features present in the Blue Sky 2021 weekly/monthly planners, such as contacts, important dates, and holidays pages, notes pages, and a storage pouch. These factors are immaterial because they are not even found as determinative factors in its own definition of calendar. Further, this effort fails because even if these immaterial facts are considered, they, like material factors such as design, marketing, sale, and display, are equally present in both the weekly/monthly and monthly planners the Government admits are calendars. See Pl. Resp. Gov't SOF ¶ 1-70.

The Government also focuses on the amount of space in a calendar a person has available to notate future appointments, as if this is material or relevant to the classification issue. To be clear, neither Heading 4910, nor Heading 4820, nor any of the dictionary definitions provided by the parties, includes any discussion of space to notate future appointments as a material factor. See P. Ex. 2, Garver Depo. Tr. at 65:22-25. The amount of space to take notes is simply not a factor used to determine

whether Blue Sky's ten dated products are calendars or something else. This "space" factor appears to be contrived by Customs simply to justify its decision here. Rather, all that matters in any definition of a calendar, including the Government's chosen definition, is that the product's pages include a "system or chart representing the days, weeks or months of the year." <u>See</u> Gov't Opp./Cross-MSJ at 25. The vast majority of pages in the four weekly/monthly planners in dispute, including the roughly 2/3 of the pages that are weekly view pages, which are dated columns showing the days of a week in calendar year 2021, indisputably are a "system or chart representing the days, weeks or months of the year," matching the government's chosen definition of calendar. Again, although the Government claims to dispute Plaintiff's stated facts and valiantly argues for a different result than Plaintiff requests, the Government appears to agree with each and every material aspect of Plaintiff's case. The Government's incongruent position regarding space on a calendar for notes is evident in the Government's Rule 30(b)(6) witnesses' testimony that if a wall calendar has dated grid boxes that are too large for the Government's liking, the wall calendar is not no longer a calendar for tariff purposes because there is too much space in each day to take notes. It is ironic that, the Blue Sky 2021 monthly planners, which the Government admits are calendars, have plenty of space to take notes, too, directly undercutting its own argument. The Court should reject the Government's flawed and inconsistent reasoning that the amount

of space in a dated planner to take notes is a material factor used to whether the planner is a calendar.

Likewise, the Government spends much attention on the amount of lined area in the Blue Sky products. But, every one of the ten articles, including the four desk pads and two monthly planners, which the Government now agrees are calendars, have significant lined space to take notes. Again, the Government's reasoning is belied by its own admission that other articles in the entry with these same characteristics are calendars. Having admitted that one article with certain specific characteristics is a calendar, the Government cannot persuasively argue to this Court for a different result regarding an article with like features. The fact is: **Both the Blue Sky monthly and weekly/monthly planners are dated from January 1, 2021 to December 31, 2021, are designed for the same purpose to plan for future events, are marketed the same way as planners, are sold to the same retail store sales teams as the same types articles, and are displayed for retail sale in the same location in online and brick and mortar stores**. All of the Blue Sky products at issue in this case are, for all intents and purposes, the same: **calendars**.

Finally, the Government highlights many other features of the Blue Sky 2021 weekly/monthly planners, such as yearly goals, contacts, important dates, bonus months, notes, holiday, and state and capitols map pages, along with a storage pouch. This is strange because both parties agree these reference pages are minor elements

that do not impart the essential nature of the planners, which are mostly comprised of weekly and monthly calendar view pages. Regardless, this is a specious argument because, as discussed above, the Government admits the Blue Sky 2021 monthly planners with these very same features are calendars.

## VI.  CONCLUSION

Calendars, such as the Court's own calendar, are organized representations of the days, weeks, monthly, and year of a year, often with space for important information about events occurring on those dates so that people can plan ahead for these events. All ten Blue Sky calendar year 2021 products at issue in this case represent the days, weeks, months, and year of calendar year 2021 in an organized, chronological fashion with space allowing for such future planning. Accordingly, all ten Blue Sky calendar 2021 products, including the disputed weekly/monthly planner, are calendars.

The parties agree there are no material facts in genuine dispute so the Court can decide this case on the moving papers. Plaintiff has established, through direct evidence and with the support of the Government's Rule 30(b)(6) witness, statement of facts, and opposition brief, that the four Blue Sky 2021 weekly/ monthly planners are classified in Heading 4910 ("Calendars of any kind") because they meet the definition of a calendar printed in paper: pages with the days, weeks, and months of a year organized in chronological order printed on

paper. The fatal flaw in the Government's argument to the contrary is its admission that the Blue Sky 2021 monthly planners, which are practically the same as the weekly/monthly planners, are calendars. Accordingly, the Court should grant Plaintiff's motion, enter judgment for Plaintiff, and award Plaintiff fees and costs because the Government's position is not substantially justified.

Dated December 22, 2023, Los Angeles, California.


Respectfully submitted,

STEIN SHOSTAK SHOSTAK POLLACK & O'HARA
Attorneys for Plaintiff
865 S. Figueroa Street, Suite 1388
Los Angeles, California 90017
Telephone: (213) 630-8888

By      //Christopher J. Duncan//
          Christopher J. Duncan

**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| BLUE SKY THE COLOR OF | x | Court No. 21-00624 |
| IMAGINATION, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| _____ | x | |

## CERTIFICATE OF COMPLIANCE

Plaintiff Blue Sky the Color of Imagination, LLC's opposition and reply brief in support of its motion for summary judgment complies with Chambers Procedures word limitation requirement of less than 7,000 words. According to the word processing system used to prepare the brief, there are 6140 words contained in the brief.

Respectfully submitted,
Stein Shostak Shostak Pollack & O'Hara, LLP

By:  //s// Christopher J. Duncan
Christopher Duncan, Esq.
Attorneys for Blue Sky The Color of Imagination, LLC
865 S. Figueroa St., Suite 1388
Los Angeles, CA   90071
(213) 630-8888
E-Mail: cduncan@steinshostak.com.

Dated: December 22, 2023