UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. JANE A. RESTANI, JUDGE

| | |
|---|---|
| BLUE SKY THE COLOR OF IMAGINATION, | : |
| Plaintiff, | : Court No. 21-00624 |
| v. | : |
| UNITED STATES, | : |
| Defendant. | : |

**ORDER**

Upon reading defendant's motion to strike plaintiff's second statement of material facts; and upon consideration of other papers and proceedings had herein; it is hereby

ORDERED that defendant's motion be, and hereby is, granted; and it is further

ORDERED that plaintiff's second statement of undisputed material facts, titled "Undisputed Material Facts Concerning Weekly/Monthly and Monthly Planners" (ECF no. 26, Pl. Opp. Br at 8-11), is stricken.

_____
JANE A. RESTANI, JUDGE

Dated: New York, New York
This ____ day of _____, 2024

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. JANE A. RESTANI, JUDGE

|  |  |  |
|---|---|---|
| BLUE SKY THE COLOR OF IMAGINATION, | : : : : | |
| Plaintiff, | : | Court No. 21-00624 |
| v. | : : | |
| UNITED STATES, | : : | |
| Defendant. | : : | |

**DEFENDANT'S MOTION TO STRIKE THE SECOND STATEMENT OF UNDISPUTED MATERIAL FACTS IN PLAINTIFF'S OPPOSITION AND REPLY**

Defendant, the United States (Government), pursuant to Rules 56.3 and 1 of the Rules of the Court of International Trade, submits this motion to strike the second statement of undisputed material facts submitted by plaintiff, Blue Sky The Color Of Imagination (Blue Sky or plaintiff) in its opposition and reply. Pl. Opp. Br., ECF no. 26, at 8-11. Plaintiff previously submitted a "Statement of Undisputed Material Facts" with its Motion for Summary Judgment. Pl. MSJ, ECF no. 20, at 6-15. Plaintiff now improperly attempts to submit a second, additional statement of material facts, titled "undisputed material facts concerning weekly/monthly planners and monthly planners" with its opposition and reply. Pl. Opp. Br. at 8-11. This second statement is improper and should be stricken.

As this Court is aware, at issue in this case is the classification of ten different items imported by Blue Sky, which fall generally into three categories of merchandise: four models of weekly/monthly planners, two models of monthly planners, and four models of desk pads. In its motion for summary judgment, plaintiff acknowledged that the parties had agreed that six of the ten items included in the entry were to be classified in subheading 4910.00.20, Harmonized

1

Tariff Schedule of the United States (HTSUS) as calendars.  *See* Plaintiff's MSJ at 3, 4.  Those items included four models of the monthly planners and two models of desk pads.  *See* Plaintiff's Statement of Undisputed Material Facts, ¶¶ 9, 10; Gov't Response To Plaintiff's Statement of Undisputed Material Facts, ¶¶ 9, 10.  In addition to acknowledging this agreement, plaintiff, in its opening brief, provided a statement of undisputed facts centered on the characteristics of the four products that remain at issue, *i.e.* weekly/monthly planners, for which the parties did not agree as to classification.  *See e.g., id.* at ¶¶ 11-16, 23-25.  Plaintiff now seeks to add 21 additional purportedly material undisputed facts almost entirely made up of statements comparing two separate categories of items, the weekly/monthly planners at issue here with the monthly planners for which classification is settled.  This second additional statement of facts is not contemplated by the Rules of the Court, and in any event is improper, and should be stricken.

As a threshold matter, USCIT R. 56.3 governs statements of undisputed material facts submitted in support of a party's motion for summary judgment and does not specifically provide for multiple statements of undisputed material facts.  The Rule provides as follows:

> (a) On any motion for summary judgment filed pursuant to Rule 56, the factual positions described in Rule 56(c)(1)(A) must be annexed to the motion in a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  Failure to submit this statement may constitute grounds for denial of the motion.
>
> (b) In the papers opposing a Rule 56 motion for summary judgment, the factual positions described in Rule 56(c)(1)(B) must include correspondingly numbered paragraphs responding to the numbered paragraphs in the statement of the movant, and if necessary, additional paragraphs including a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.
>
> (c) Subject to any Rule 56(c)(2) objection, each statement by the movant or opponent pursuant to Rule 56.3(a) and (b), including

> each statement controverting any statement of material fact, will be
> followed by citation to evidence which would be admissible.

This Rule provides only that a moving party must submit numbered statements of material facts, supported by evidence, and that the opposing party must provide a response. That is, the Rule does *not*, itself, permit multiple statements.

Although we acknowledge that motions to strike are generally unfavored, *Jimlar Corp. v. United States*, 647 F. Supp. 932, 934 (Ct Int'l Trade 1986), courts have granted motions, striking supplemental statements of facts in support of motions for summary judgment. *See e.g.*, *Currier Builders, Inc. v. Town of York*, 2002 WL 1146773, *5-6 (D. Me. May 30, 2002) (striking statement of undisputed material facts filed by a non-moving party with respect to a summary judgment submission where the party failed to seek leave); *Luxama v. Ironbound Express, Inc.*, 2020 WL 3642565, *3 (D.N.J. July 7, 2020) (granting motion to strike party's new supplemental statement of undisputed facts where such facts were not included in the original statement of facts); *but see Memphis Publishing Co. v. Newspaper Guild of Memphis, Local 33091*, 2005 WL 3263878 (W.D. Tenn. Nov. 30, 2005) (permitting consideration of the supplemental statement where those statements "respond[] to matters placed in issue by the opposition brief"). Given the facts of this case, the court should strike plaintiff's second filed statement.

There is nothing that prevented plaintiff from including the second set of "material" facts with its first statement of undisputed material facts when it filed its motion in August 2023. In fact, the Rule contemplates that the statement of undisputed material facts be filed "annexed to the motion." USCIT R. 56.3(a). Moreover, the Rule accounts for "material facts as to which the moving party contends there is no genuine issue to be tried." *Id.* The additional statements are not facts material to the Court's analysis. As stated, the additional *facts* serve as a comparison between the features of two different categories of the imported merchandise, a weekly/monthly

3

planner and a monthly planner. However, statements of comparison are appropriately reserved for argument and not material facts pertaining to the features and characteristics of a particular product necessary for classification.

Indeed, plaintiff made the argument in its opposition to the Government's cross-motion – that the Government's admission as to classification of the monthly planners dictates classification of the weekly/monthly planners, demonstrating the inappropriateness of plaintiff's second statement of material undisputed facts. We submit that the Government should not be required to respond to these assertions under USCIT R. 56.3 and that the second statement should be stricken.

## CONCLUSION

For the foregoing reasons, this Court should strike plaintiff's second statement of undisputed material facts.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Monica P. Triana
MONICA P. TRIANA
Senior Trial Counsel
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Room 346
New York, New York 10278
Tel. (212) 264-9240 or 9230
*Attorneys for Defendant*

Date: February 12, 2024