**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| BLUE SKY THE COLOR OF IMAGINATION, LLC | x : : | Court No. 21-00624 |
| Plaintiff, | : : | |
| v. | : : | |
| UNITED STATES, | : : | |
| Defendant. | : : x | |

**PLAINTIFF'S OPPOSITION TO THE GOVERNMENT'S MOTION
TO STRIKE SECTIONS OF PLAINTIFF'S OPPOSITION AND REPLY**

Pursuant to Rule 7 of the Rules of the U.S. Court of International Trade, Plaintiff hereby opposes the Government's motion to strike. The Government asks the Court to strike sections of Plaintiff's opposition and reply brief summarizing undisputed material facts that conclusively demonstrate the Blue Sky 2021 weekly/monthly planner calendars are classified as calendars, not undated notebooks. For the following reasons, the Court should deny the Government's motion seeking the extraordinary remedy of striking portions of Plaintiff's brief.

**I.**

**THE GOVERNMENT'S MOTION TO STRIKE IS UNTIMELY**

As an initial matter, pursuant to Rule 12(f), which is the only section of the Court's rules covering motions to strike, the motion is untimely. Rule 12(f) requires

1

motions to strike to be filed within 21 days of a challenged pleading. Although the Government challenges an opposition and reply, not a pleading, it stands to reason that the same 21-day deadline should apply here.

If the Government believes portions of Plaintiff's opposition and reply brief are strike-worthy, it was obligated to file the motion by January 12, 2024, which is 21 days from the date Plaintiff filed its brief. Instead, the Government waited 53 days, until February 12, 2024, the very last day of the 30-day extension the Court generously granted <u>solely</u> to allow the Government to file its reply to Plaintiff's opposition to its cross-motion motion for summary judgment. Thus, the motion is untimely. By disregarding the 21-day deadline and waiting to file the instant motion to strike concurrently with its reply brief, the Government may be attempting to buttress its brief by eliminating a portion of Plaintiff's opposition brief which is fatal to the Government's case. However, if the Government burdens the Court with this untimely motion simply to collaterally support its rambling, effectual reply brief, then the effort fails. The motion gives Plaintiff another opportunity to reiterate what is already readily apparent from the parties' briefing: <u>All ten Blue Sky calendar year 2021 printed products in this case are **calendars**</u>.

## II.

## THE GOVERNMENT'S MOTION TO STRIKE
## LACKS FACTUAL SUPPORT

The Government's motion lacks factual support. The Government seeks to strike Section IV, "Undisputed Material Facts Concerning Weekly/Monthly and Monthly Planners," of Plaintiff's opposition and reply brief. The Government contends this section is an annexed "supplemental statement" of additional material facts that is not contemplated by Rule 53.3. The Government is wrong.

First, by its title, Section IV is not a "statement" of facts. Second, it is not annexed to Plaintiff's brief. Finally, it does not contain any new or additional facts.

Rather, this portion of Plaintiff's opposition and reply brief is a summary comparison of the Blue Sky 2021 weekly/monthly and monthly planner calendars based almost entirely on facts presented in the Government's own exhibits, which the Government itself references repeatedly in its cross-motion and opposition brief. As follows, this section of Plaintiff's opposition and reply brief conclusively demonstrates in a point-by-point manner that the dated Blue Sky 2021 weekly/monthly planner calendars, which the Government argues should instead be classified as undated notebooks, are materially the same as the Blue Sky 2021 monthly planner calendars, which the Government finally concedes are classified as calendars:

|  | Weekly/Monthly Planner | Monthly Planner |
|---|---|---|
| Visually depicts dates in calendar year 2021 | Yes | Yes |
| Labeled "Tabbed Planner JAN 2021-DEC 2021" on the packaging | Yes | Yes |
| Labeled as containing "monthly calendars" or "weekly + monthly calendars" on the packaging | Yes | Yes |
| Contains a "Yearly Overview" calendar reference page | Yes | Yes |
| Contains a "This Planner Belongs To/Yearly Goals" reference page | Yes | Yes |
| Contains a "Contacts" reference page | Yes | Yes |
| Contains a "Important Dates" reference page | Yes | Yes |
| Contains six "bonus" monthly view calendar pages for the previous calendar year (July 2020-December 2020) | Yes | Yes |
| Contains monthly view calendar pages for calendar year 2021 (January 2021-December 2021) | Yes | Yes |
| Consists of a majority of pages showing the days, weeks, and months of calendar year 2021 in chronological order | Yes | Yes |

4

| | | |
|---|---|---|
| Has space with lines in each day available to the user for making notes | Yes | Yes |
| Contains multiple additional undated "notes" pages with lines available to users for taking notes | Yes | Yes |
| Contains a "Holidays" reference page | Yes | Yes |
| Contains a "States and Capitols" reference page with a map of the United States | Yes, excluding 110394-21 | Yes, excluding 110395-21 |
| Has a poly storage pocket | Yes, excluding 111288-21 & 111291-21 | Yes, excluding 101605-21 |
| Designed to allow users to plan for and notate future events, not to record information on past events | Yes | Yes |
| Marketed as planners | Yes | Yes |
| Sold to retail store buying teams for dated items | Yes | Yes |
| Displayed in fixed sections for dated items at retail online and brick and mortar stores | Yes | Yes |
| Advertised using descriptive language for dated items at retail online and brick and mortar stores | Yes | Yes |
| Seasonal, expires, and must be disposed of after the start of the calendar year in which it is dated | Yes | Yes |

Given this section of Plaintiff's argument, based on the Government's own evidence and admissions, is devasting to the Government's case, it is understandable why the Government seeks to eliminate it from the Court's consideration. Yet, the fact that the argument is detrimental the Government's case is not a valid reason for the Court to strike Plaintiff's argument.

### III.

### THE GOVERNMENT'S MOTION TO STRIKE LACKS LEGAL SUPPORT

The Government's motion also lacks legal support. As a general rule, this Court does not favor motions to strike. Jimlar Corp. v. United States, 10 CIT 671, 673, 647 F.Supp. 932 (1986). As a result, such motions are not often granted. See id. Whether to grant a motion to strike is within the broad discretion of the court. Id. Although the Government recognizes this basic premise, it conveniently leaves out that this Court will grant a motion to strike only when "the brief demonstrates a lack of good faith" or when "the court would be prejudiced or misled by the inclusion in the brief of the improper material." Id. The Government does not even argue that any of these justifications exist.

The Government further fails to address this Court's limitation that "there is no occasion for a party to move to strike portions of an opponent's brief (unless they be scandalous or defamatory) merely because he thinks they contain material that is incorrect, inappropriate, or not a part of the record." Acciai Speciali Terni S.P.A. v.

United States, 24 CIT 1211, 1217, 120 F.Supp.2d 1101, 1106 (2000)). Rather, "[t]he proper method of raising those issues is by so arguing, either in the brief or in a supplemental memorandum, but not by filing a motion to strike." Id. Instead of simply raising its challenge in its reply as advised by this Court, the Government burdens this Court with the instant baseless motion.

      To make matters worse, in support of its motion, the Government cites to a random trio of district court cases, rather than CIT or Federal Circuit cases, for the proposition that this Court should strike the subject portion of Plaintiff's brief. There is a good reason for the Government's omission of any supporting CIT or Federal Circuit caselaw: After a thorough review, we could not locate a single CIT or Federal Circuit case striking a party's summary, list, or statement of undisputed material facts. Instead, our research reveals that on each occasion in which a party has submitted a "supplemental" statement of material facts, this Court has readily accepted and considered the statements without question. See, e.g. Kyocera Indus. Ceramics Corp. v. United States, 30 C.I.T. 2011 (2006); Anval Nyby Powder AB v. United States, 927 F. Supp. 463 (Ct. Int'l Trade 1996), aff'd, 157 F.3d 846 (Fed. Cir. 1998); Energizer Battery, Inc. v. United States, 190 F. Supp. 3d 1308 (Ct. Int'l Trade 2016); Xerox Corp. v. United States, 37 ITRD 2397 (Ct. Int'l Trade 2015). Accordingly, even if the section of Plaintiff's brief the Government asks the Court

to strike is a "supplemental statement," which it is not, there are no legal grounds, precedent, or historical bases for the Court to strike it.

## IV.

## THE GOVERNMENT'S MOTION TO STRIKE IS UNDERMINED BY ITS OWN IMPROPRIETIES

Finally, the Government's motion is inconsistent with its own indiscretions in this case. It is ironic the Government seeks to strike portions of Plaintiff's brief because the Government itself improperly appends an exhibit to its reply brief in direct violation of Rule 56(c)(2). The exhibit was not produced in discovery, was not accompanied by a declaration as to its authenticity, and cannot be presented in a form that is admissible because it is an irrelevant image of a non-Blue Sky product that the Government apparently just recently found on the Internet. Although the product is nominally labeled, in part, a "standard diary", its accompanying advertising and content reveals the product is a <u>dated</u> planner, not a traditional undated diary, so it is irrelevant to the issue before this Court. Unlike the Government, Plaintiff trusts the Court not to give the improper exhibit any probative value and will not burden the Court with another wasteful motion to strike. Instead, Plaintiff merely requests the Court to take notice of the following recent image from Office Depot, recently provided to the Government commensurate with Plaintiff's continuing discovery obligations, showing dated weekly planners displayed for sale

directly alongside other dated calendars, which supports Plaintiff's position in the portion of Plaintiff's brief the Government seeks to strike:



Further, the Government is in no position to question or seek to strike Plaintiff's citation to record evidence comparing Blue Sky's calendar year 2021 weekly/monthly and monthly planner calendars. As the Court itself recently discovered, the Government appears to have knowingly spoliated and/or tampered with the **only samples** of the Blue Sky weekly/monthly and weekly planner calendars available for the Court's review. See Exhibit A, Copies of Samples with Undisclosed Handwriting. Surprisingly, the Government made no mention of the handwritten notes in its filing transmitting the tampered samples to the Court. See

9

Exhibit B, Doc. 8, Transmittal to the U.S. Court of International Trade. The Government then arguably violated its discovery obligations by failing to produce the handwritten notes, identify who made the notes, and/or explain the notes, as Plaintiff specifically requested in its Request for Production and Interrogatories. See Exhibit C, Plaintiff's Discovery Requests. Compounding the Government's errors, the Government now refuses to consent to producing the requested information as part of its continuing discovery obligations or to requesting the Court re-open discovery so Plaintiff can discover admissible information about who took the notes and potentially call the person who took the notes as a witness at trial. See Exhibit D, Email Correspondence regarding Government's Refusal to Consent to Provide Discovery regarding Handwritten Notes (curiously terming Plaintiff's counsel's friendly offer that the Government consider mutually resolving the few remaining disputed Blue Sky items in this case with a request to stipulate judgment based on undisputed material facts as "quite unsettling").

It is paradoxical that having: (1) potentially irreparably harmed the Court's ability to review and compare the original entered versions of the only physical samples of the items at issue; (2) failed to inform the Court or Plaintiff about the notes when it officially transmitted the tampered samples to the Court; (3) failed to produce the notes in discovery or even disclose their existence to either Plaintiff or the Court until forced to do so after the Court rejected the tampered samples; and (4)

refused to meet its continuing discovery obligations or cooperate with Plaintiff to the obtain relevant information about the Government's previously undisclosed notes comparing Blue Sky products, the Government now seeks to strike the portion of Plaintiff's brief highlighting the material likenesses of the two calendars.

Deepening the irony, the previously undisclosed handwriting the Government haphazardly placed all over the other samples actually <u>supports</u> the section of Plaintiff's brief the Government seeks to strike in its motion. The Government's handwritten commentary about certain pages of the Blue Sky 2021 weekly/monthly and monthly planner calendars (as well as the Blue Sky 2021 desk pad calendars) is virtually identical for all products. In other words, the Government's position, as set forth in the notes, is all three products have the same features and are essentially the same. We agree! And, if Plaintiff provides the identity of the Government employee(s) who prepared the notes, Plaintiff would likely call this Government witness at trial to prove the Blue Sky desk pads, monthly planners, and weekly monthly planners are all <u>calendars</u>. In sum, the notes betray the Government's tenuous justification for distinguishing the Blue Sky 2021 weekly/monthly planners from other Blue Sky 2021 items. The Government's strained reasoning collapses under the weight of its recent admission that the materially alike Blue Sky 2021 desk pad and monthly planner, which it so erroneously classified at notebooks, are calendars.

V.

## CONCLUSION

It is unfortunate that faced with the Government's inability to effectively respond to Plaintiff's evidence and argument showing that Blue Sky 2021 monthly and weekly/monthly planner calendars are both calendars, the Government now resorts to a desperate and futile attempt to just strike this section of Plaintiff's opposition and reply brief from the record. But the portion of Plaintiff's brief with which the Government quarrels is not an annexed statement of facts, as the Government claims. Indeed, unlike the situations in the non-CIT district court cases cited by the Government, the portion of the brief is not an annexed statement at all. Rather, this section is an integral part of Plaintiff's argument showing that the disputed dated Blue Sky 2021 weekly/monthly planner calendars, and the undisputed dated Blue Sky 2021 monthly planner calendars, are materially the same in all respects, and are both classified as calendars.

One might ask why, when faced with its own evidentiary improprieties detailed above, the Government would take the disfavored, unjustified, and baseless step of asking the Court to strike from the record argument in its opponent's legal brief, rather than just responding in its reply, as preferred by this Court. The answer is that the Government has no response, so needs this Court to save it from responding to Plaintiff's arguments by making them disappear into the ether.

Plaintiff's opposition and reply brief conclusively demonstrate that, based on the Government's own evidence and admissions concerning the Blue Sky 2021 monthly planner calendars, the Blue Sky 2021 weekly/monthly planner calendars the Government claims are classified as mere, undated memo pads are correctly classified as calendars, like all the other calendar year 2021 Blue Sky printed calendar products in this case are. Faced with this devastating evidence and argument it cannot overcome, the Government begs the Court to just make it go away. The Court should not indulge the Government's desperate ploy to enlist the Court to excuse it from failing to effectively address Plaintiff's argument in its reply.

For the forgoing reasons, Plaintiff respectfully requests that the Court deny the Government's motion to strike, grant Plaintiff's motion for summary judgment, and award fees and costs to deter future such wasteful conduct by the Government.

Dated February 27, 2024, Los Angeles, California.

    Respectfully submitted,

    STEIN SHOSTAK SHOSTAK POLLACK & O'HARA
    Attorneys for Plaintiff
    865 S. Figueroa Street, Suite 1388
    Los Angeles, California 90017
    Telephone: (213) 630-8888

    By    //Christopher J. Duncan//
           Christopher J. Duncan