UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| BLUE SKY THE COLOR OF IMAGINATION, | : : : | |
| Plaintiff, | : | Court No. 21-00624 |
| v. | : : | |
| UNITED STATES, | : | |
| Defendant. | : : | |

## JOINT STATUS REPORT AND PROPOSED BRIEFING SCHEDULE

The parties respectfully submit this status report and joint proposed briefing schedule in response to the Court's order, dated January 27, 2026. *See* ECF No. 52 ("The parties shall confer and file a status report and proposed briefing schedule informing the Court on how the case should proceed by Tuesday, February 10.").

The parties conferred and have not reached an agreement on a path forward.

## Background

As the Court is aware, this matter involves the classification of certain weekly/monthly planners. Plaintiff, Blue Sky The Color of Imagination (Blue Sky), entered the subject Blue Sky weekly/monthly planners under subheading 4910.00.20, HTSUS, as "calendars," a duty-free provision. At liquidation, U.S. Customs and Border Protection (Customs) classified the planners in subheading 4820.10.40, HTSUS, which covers, in relevant part, "[r]egisters, account books, notebooks, order books, receipt books, letter pads, memorandum pads, diaries and similar articles . . . [r]egisters, account books, notebooks, order books, receipt books, letter pads, memorandum pads, diaries and similar articles . . . [o]ther," a duty-free provision. Customs concurrently classified the planners under subheading 9903.88.03, HTSUS, at a duty rate of 25

1106604490\1\AMERICAS

Court No. 21-00624                                                                  Page 2

percent *ad valorem* pursuant to Section 301 of the Trade Act of 1974 (Pub. L. 93-618, 19 U.S.C.

§ 2411). These additional Section 301 duties do not apply to merchandise classified under

heading 4910.

This Court decided that the weekly/monthly planners are classified in subheading,

4820.10.20, as "diaries." *Blue Sky The Color of Imagination, LLC v. United States*, Slip Op. 24-

42, 698 F. Supp. 3d 1248, 1255 (Ct. Int'l Trade 2024). On appeal, the Court of Appeals for the

Federal Circuit determined that, based on its prior decision in *The Mead Corporation v. United

States*, 283 F.3d 1342 (Fed. Cir. 2002), the weekly/monthly planners are not "diaries." *Blue Sky

The Color of Imagination, LLC v. United States*, 160 F.4th 1334, 1339 (Fed. Cir. 2025). The

Federal Circuit remanded the decision for the trial court to determine, in the first instance, the

correct classification of the merchandise. *Id.*

**Plaintiff's Status Report and Proposed Briefing Schedule**

There is new fact evidence not previously available that bears on this question and

pertains directly to the subject weekly/monthly planners, including, but not limited to: (1) a

physical sample of the planners in *Mead*, which Customs and the government have argued are

comparable to the Blue Sky weekly/monthly planners but unlike the Blue Sky planners lack any

calendars or other dated pages; and (2) a physical sample of weekly-view appointment planners

that are very similar to the Blue Sky weekly/monthly planners and are likewise designed to allow

the user to notate future appointments and events in boxed rows for each day of the week in a

certain calendar year, which Customs recently ruled are classified as calendars in heading 4910.

*See* Customs' recent binding ruling N350537 (July 2, 2025). This new evidence further supports

plaintiff's case and is inconsistent with the government's litigation position. Additionally, the

new evidence may create a genuine dispute of material fact as to the description of the subject

Blue Sky weekly/monthly planners. As the Federal Circuit observed, they are distinct from the

planners in *Mead* (and all heading 4820 exemplars) in that they contain dated calendars, not just

generic, pre-printed forms. Further, given Customs' recent ruling, both Customs and Blue Sky

agree, contrary to the government's litigation position, that dated weekly view calendar pages for

notating future appointments events are calendars. *See Dolly, Inc. v. United States*, 26 C.I.T. 635,

637 (2002) (the parties' dispute as to whether the subject merchandise is properly described as a

"bottle tote bag" or a "diaper bag" constitutes a genuine dispute as to a material fact).

Finally, further in-depth briefing is necessary because, given the Federal Circuit's

decision above and precedent, the Explanatory Notes (ENs) for heading 4910, which this Court

relied upon in its initial decision, do not apply. First, the ENs purport to exclude from heading

4910 engagement calendars and other kinds of diaries ("This heading also excludes…'diaries

(including so-called engagement calendars)'". Given the Federal Circuit has concluded the Blue

Sky weekly/monthly planners are not diaries, they are also not engagement calendars or any

other sub-set or synonym of diaries.

Second, the Federal Circuit has held that ENs shall not narrow the terms of a heading or

they are invalid and must be disregarded:

> Although the examples in the Explanatory Notes are probative and sometimes
> illuminating, we shall not employ their limiting characteristics, to the extent there are
> any, **to narrow the language of the classification heading itself**.

*Rubie's Costume Co. v. United States*, 337 F.3d 1350, 1359 (Fed. Cir. 2003) (emphasis added).

Heading 4910 broadly and explicitly covers "Calendars **of any kind.**" Heading 4910 (emphasis

added). Thus, the language of heading 4910 covers all kinds of calendars, including engagement

calendars and the ENs purporting to exclude certain kinds of calendars, such as "so-called

engagement calendars," from heading 4910, are null and void. Rather, under *Rubies*, if, as the

government has repeatedly alleged in its briefing, the Blue Sky planners are engagement

calendars, then they must be classified in heading 4910 because the statutory heading language

covers every single kind of calendar with no limitations. Further briefing is required to explore

the applicability of the ENs in this case to avoid violating binding Federal Circuit precedent.

To allow for consideration of new fact evidence and additional argument, and for

eventual trial if there remain material facts in genuine dispute concerning the proper nature and

description of the weekly view calendar pages, Blue Sky proposes a briefing schedule that

accommodates the Court's consideration of this additional evidence and argument and tracks the

existing scheduling order. *See* ECF No. 14. Accordingly, pursuant to the Court's Paperless Order

entered on January 27, 2026 (ECF No. 52), Blue Sky proposes the following briefing schedule:

1.    Dispositive motions will be filed by March 6, 2026. Such motions may include

additional evidence not yet in the record, including physical exhibits. A response to a dispositive

motion must be filed within 35 days after service of such motion and may include a dispositive

cross-motion. The movant has 21 days after service of the response to a dispositive motion to serve

a reply.

2.    If the court denies all such motions, a request for trial, if any, will be filed within

10 days following the Court's denial, and will be accompanied by a proposed Order Governing

Preparation for Trial. Such order will include procedures by which the parties will designate and

conduct discovery concerning expert witnesses.

3.    If necessary, trial will begin at a time and place ordered by the court.

**Defendant's Status Report and Proposed Briefing Schedule**

As a threshold matter, there remains no dispute as to what the merchandise is, and what it

is used for.  This Court correctly held, based on the evidence, that the weekly/monthly planners

are not properly classified as "calendars" of heading 4910, HTSUS, and instead are properly

classified in heading 4820, HTSUS.  *Blue Sky,* 698 F. Supp. 3d at 1252-53, 55.

As suggested previously by both parties, summary judgment is the appropriate avenue to

resolve this matter. *See* ECF Nos. 20, 25, 26, 29. Included in the record before the Court are

samples of each of the weekly/monthly planners at issue, as well as production images for each

of the relevant items. *See* Samples, and ECF No. 25, Government's Cross-Motion for Summary

Judgment and Opposition to Plaintiff's Motion for Summary Judgment, Exs. A-D.  In addition,

before the Court is deposition testimony from several of plaintiff's witnesses describing each of

the items, how each is marketed and how each is used. *Id.*, Exs. K & O.  And, plaintiff had the

opportunity to conduct discovery and provide the Government with any additional information it

intended to use in support of its case. The parties were, therefore, afforded a full and ample

opportunity for discovery in this matter. Therefore, contrary to the proposal plaintiff identified

during the meet and confer on February 4, 2026, *see* ECF No. 52, there is no need for further

discovery, or any evidentiary hearing. And, the Court should not permit plaintiff to submit

evidence not provided in discovery.  Much, if not all, of the relevant information is already

before the Court as part of the parties' cross-motions for summary judgment. ECF Nos. 20, 25,

26, 29.

Accordingly, the Government proposes renewing the parties' respective summary

judgment motions (ECF Nos. 20, 25, 26, 29), and supplementing the motions with additional

short submissions (15-pages) to be submitted simultaneously by the parties. These submissions

will afford each party the opportunity to address any outstanding issues in light of the Federal

Circuit's decision and guidance provided therein. In addition, the parties will be afforded a

response brief, (7-pages), likewise to be filed simultaneously. Notably, the Federal Circuit stated,

it its decision:

> The Government, on appeal, offers some seemingly persuasive
> arguments for why Blue Sky's product falls within the heading
> 4820, as opposed to heading 4910. For one, items enumerated
> within heading 4820 describe stationery items for recording
> various types of information—many of them with pre-defined
> templates allowing users to write down information, much like
> Blue Sky's product. For another, Explanatory Note 48.20 explains
> that heading 4820 "includes . . . engagement books," whereas
> Explanatory Note 49.10 indicates that "heading [4910] excludes . .
> . so called engagement calendars."). Explanatory Note 48.20;
> Explanatory Note 49.10. Nevertheless, we find it more prudent for
> the Trade Court to consider those arguments in the first instance on
> remand.

*Blue Sky*, 160 F.4th at 1340. Moreover, the Federal Circuit left open the question of the proper 8-

and 10-digit classification of the merchandise in heading 4820.

> We note that Heading 4820 includes two classifications of "other,"
> one as 4820.10.40.00 (as the Government originally contended
> applies to the subject merchandise in this case) and the other as
> 4820.10.20.60. Many of the Government's arguments seem
> equally, if not more, applicable to the latter.

*Id.* at 1340, note 4.

The parties would have the opportunity to address these, or any other statements made by

the Federal Circuit, with respect to the merchandise at issue. These supplemental briefs would be

considered, in addition to the previous summary judgment submissions, and the documents

attached thereto.

The Government, therefore, proposes the following briefing schedule:

- On or before March 16, 2026, the parties shall each submit a supplemental summary
  judgment brief, no longer than 15-pages, summarizing its position or identifying any
  additional arguments for the Court's consideration;

- On or before April 6, 2026, the parties shall each submit a response brief, no longer than 7-pages in length, addressing any arguments made by the opposing party in the supplemental summary judgment submission.

Dated: February 10, 2026

Respectfully submitted,

/s/ *Christopher J. Duncan*
CHRISTOPHER J. DUNCAN
Squire Patton Boggs (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: (213) 689-6579
Email: chris.duncan@squirepb.com

/s/ *Elon A. Pollack*
ELON A. POLLACK
Stein Shostak, Shostak Pollack & O'Hara, LLP
445 S. Figueroa Street
Suite 2388
Los Angeles, CA 90071

*Counsel for Plaintiff*
*Blue Sky the Color of Imagination, LLC*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

PATRICIA M. McCARTHY
Director

/s/ Justin R. Miller
By:      JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Monica P. Triana
MONICA P. TRIANA
Senior Trial Counsel
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Room 346
New York, New York 10278
Tel. (212) 264-9240 or 9230

*Attorneys for Defendants*