UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

|  |  |  |
|---|---|---|
| BLUE SKY THE COLOR OF IMAGINATION, | : : : : | |
| Plaintiff, | : | Court No. 21-00624 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : : : | |

---

**DEFENDANT'S REPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF AND IN FURTHER SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

---

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

AIMEE LEE
Assistant Director

MONICA P. TRIANA
Senior Trial Counsel
Civil Division, Dept. of Justice
Commercial Litigation Branch
International Trade Field Office
26 Federal Plaza, Room 346
New York, New York 10278
*Attorneys for Defendant*
Tel. No. 212-264-9240

Of counsel:
Yelena Slepak, Esq.
Office of Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

**TABLE OF CONTENTS**

ARGUMENT ..................................................................................................................................... 2

    I.      PLAINTIFF'S NEW EVIDENCE SHOULD BE STRICKEN .................................... 2

    II.    THE WEEKLY/MONTHLY PLANNERS ARE NOT CALENDARS………………2

    III.   THE PLANNERS ARE CLASSIFIED IN HEADING 4820, HTSUS……………….6

    IV.   GRI 3 ANALYSIS IS UNNECESSARY …………………………………………….7

CONCLUSION ................................................................................................................................. 7

i

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

| | | |
|---|---|---|
| BLUE SKY THE COLOR OF IMAGINATION, | : : : : | |
| Plaintiff, | : : | Court No. 21-00624 |
| v. | : : | |
| UNITED STATES, | : : | |
| Defendant. | : : | |

**DEFENDANT'S REPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF AND IN FURTHER SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant, the United States (Government), respectfully submits this response to plaintiff's, Blue Sky The Color Of Imagination (Blue Sky or plaintiff), supplemental memorandum of law, and in further support of our cross-motion for summary judgment, pursuant to Rule 56 of the Rules of the United States Court of International Trade (USCIT).

**INTRODUCTION**

Blue Sky's argument here is simple – anything that has a calendar page is a calendar and classified in subheading 4910.00.20, Harmonized Tariff Schedule of the United States (HTSUS). That analysis is incorrect and inconsistent with the General Rules of Interpretation (GRIs) and the Explanatory Notes (ENs), which the Federal Circuit routinely relies on in interpreting the HTSUS. *Degussa Corp. v. United States,* 508 F.3d 1044, 1047 (Fed. Cir. 2007).

The common meaning of "calendar" is a table or grid, some kind of visual depiction, to identify the breakdown of the year by days, weeks and months. The weekly/monthly planners are not calendars because they do not satisfy that common meaning. Instead, they are properly classified in heading 4820, HTSUS, as "similar articles" to the listed exemplars – stationery items to write down various types of information.

**<u>ARGUMENT</u>**

**I.     PLAINTIFF'S NEW EVIDENCE SHOULD BE STRIKEN**

Plaintiff improperly seeks to add new evidence to the record – an attempt which the Court has already rejected.  When the parties proposed a schedule for further proceedings, plaintiff attempted to re-open discovery to provide samples of the item in *The Mead Corporation v. United States*, 283 F.3d 1342, 1349 (Fed. Cir. 2002), and purportedly of the item that was the subject of a New York Ruling.  ECF No. 54.  Notably, the classification of the item in the ruling is neither relevant nor binding on this Court and is different merchandise, *S.C. Johnson & Sons, Inc. v. United States*, 999 F.3d 1382, 1387 (Fed. Cir. 2021), and the item in *Mead* is described in the *Mead* decision itself.  In response to plaintiff's request, the Court held:

> Discovery is closed. Plaintiff has not provided sufficient reason to
> seek physical exhibits covered by the discovery period. The court
> will decide after considering the briefing whether evidence relating
> to post-discovery period classifications would assist the court.

ECF No. 55 (Feb. 11, 2026 Order).  Despite this, plaintiff attached two new declarations to its recent submission.  The first is by Elaine Peterson, who was disclosed and deposed during discovery, but who now claims knowledge of the item in *Mead*, and in a non-binding ruling.  Plaintiff also attaches the declaration of a third-party, Christian Japlit, who was not identified either in plaintiff's initial disclosures or in interrogatory responses.  Inclusion of these declarations and information is contrary to the Court's order and the Court rules and should be stricken.  *See* USCIT R. 26(a); USCIT R. 37.

**II.    THE WEEKLY/MONTHLY PLANNERS ARE NOT CALENDARS**

Plaintiff's self-proclaimed "common-sense" reading of heading 4910, does *not* dictate that the weekly/monthly planners are properly classified in heading 4910.00.10 as "calendars."  Pl. Supp. Br. at 3.  To the contrary, and as set forth in our previous submissions, the plain

meaning of "calendar[]," as reflected in the dictionary definitions, is a system or chart representing the days, weeks or months of the year, typically including a table or grid to identify the breakdown of the year by days, weeks and months. Def. Supp. Br. at 5-6. A calendar is used for "fixing," "arranging" or "determining" where each particular day fits in reference to other days/weeks/months. *Id.* Plaintiff does not appear to challenge that definition. *See* Pl. Supp. Br. at 4. However, the items at issue are not used as a reference tool to figure out where a day fits within a week, month or year and are, therefore, not properly classified in that heading.

Moreover, classification of the weekly/monthly planners in heading 4910 would be contrary not just to the Government's analysis, but to this Court's prior analysis. *Blue Sky The Color Of Imagination, LLC  v. United States*, 698 F. Supp. 3d 1243, 1249-1254 (Ct. Int'l Trade 2025) *(Blue Sky I)*. This Court cited a single definition of calendar (nearly identical to those referenced in our briefing) from the *Oxford English Dictionary*, and noted that a calendar is a "system according to which the beginning and length of successive civil years . . . is fixed." *Id.* at 1252. As the Court found, there are some calendar *pages* in the weekly/monthly planners, but the items are not calendars. *Id.* Agreement that some pages are calendar pages is not a *concession*, by the Government (or the Court), that the items themselves, taken in their entirety, are calendars. Pl. Supp. Br. at 1. Indeed, our position is to the contrary.

Additionally, that the heading includes calendars "of any kind," *Id.* at 3, does not change this analysis, absolve plaintiff of the requirement that the item itself *be* a calendar, or make the provision "unlimited," as plaintiff contends. *Id.* at 4. The weekly planner pages, which make up the vast majority of the pages in the items *are not* calendar pages – they are not "primarily a 'table showing the division of a given year into its months and days.'" *Id*. They are fully lined pages that note the days of the week for each month of the year. *See e.g.*, Def. Ex. A.

3

Moreover, plaintiff misconstrues the Court's reference to the ability to include notes as being dispositive of classification of the planners here.  Indeed, the Court did not state that allowing the user to take notes *alone* disqualifies an item from the classification as a calendar. Pl. Supp. Br. at 4; *Blue Sky I*, 698 F. Supp. 3d at 1252.  Rather, the planners at issue do not satisfy the common meaning of the term.  Furthermore, plaintiff's statement that "the ability to make notations is inherent in a calendar of any size or format" is not supported by the cases cited, nor do the cases cited support plaintiff's proposed classification.  Pl. Supp. Br. at 5. Notably, neither case involves an interpretation of the HTSUS, and the merchandise considered was plainly different. The merchandise in *Sormani v. United States*, 33 Cust. Ct. 423, 424 (Cust. Ct. 1954) was a 5 x 7 ½ inch calendar booklet with one page per month, and lined space behind each calendar page for notes.  In *Charles Scribner's Sons v. United States*, 574 F. Supp. 1058, 1060 (Ct. Int'l Trade 1983), the stated purpose for the item, which was about 50 pages and was called an "engagement calendar," "was to convey high-quality Sierra Club photography in the form of a calendar."  As described, each appears to satisfy the common meaning of "calendar" which is not the case with the planners at issue.[1]

Notably, and contrary to plaintiff's assertion, the ENs are necessary interpretive tools, and support the Government's position.  They are the official interpretation of the Harmonized Tariff System, *Kahrs Intern., Inc. v. United States*, 713 F.3d 640, 644 n. 2 (Fed. Cir. 2013), and are "generally indicative of the proper interpretation of a tariff provision," *Degussa Corp.*, 508 F.3d at 1047.  They are considered unless they conflict with the tariff.  *The Container Store v. United States*, 864 F.3d 1326, 1331-32 (Fed. Cir. 2017).  There is no conflict here.  Neither this

---

[1] Electronic calendars are entirely different products, and their classification is irrelevant to this analysis, which focuses on paper products.  Pl. Supp. Br. at 5-6.

Court, nor the Federal Circuit, arrived at that conclusion. *Blue Sky I,* 698 F. Supp at 1253.

Indeed, the ENs are consistent with the tariff. Chapter 49 covers printed material – *i.e.*, "*printed* books, newspapers, pictures and other *products of the printing industry . . . .*" *See Blue Sky I,* 698 F. Supp. 3d at 1251 (emphasis added). General EN to Chapter 49 states that, with "few **exceptions** . . . this Chapter covers *all printed matter* of which the essential nature and use is determined by the fact of its *being printed* with motifs, characters or pictorial representations." (italics added, bold in original). The EN acknowledges the plain meaning of the term "calendar" as including the "normal sequence of dates, days of the week, etc." but reminds the reader again that the "printing" on the item must "give[] the article its essential character." EN 49.10; *Blue Sky I,* 698 F. Supp. 3d at 1251. And, the essential character of the item must be "determined by the presence of a calendar," EN 49.10; *Blue Sky I,* 698 F. Supp. 3d at 1252, a chart showing the days, weeks or months of the year. The EN does not narrow the definition of "calendar," rather it clarifies the proper meaning of the term and is consistent with the common meaning.

Plaintiff's argument seems to be that the weekly/monthly planners are calendars, and if the EN would exclude them from classification as a calendar, we must ignore the EN. Pl. Supp. Br. at 9-10. But, the planners here simply do not satisfy the common meaning of that term. And, the exclusion of "engagement calendars" – as defined by the Court – is consistent with the analysis of the common meaning of the term "calendar." "[E]ngagement calendars," defined by this Court as "books" used for the "daily recording of social engagements and other appointments," are precisely the items at issue. Def. Ex. Y (Dictionary.com); *Blue Sky I,* 698 F. Supp. 3d at 1254-55, note 24. That item, like the merchandise at issue, is not a system or chart representing the days, weeks or months of the year. Just because the EN excludes an item with the word "calendar" in its name does not make the EN inconsistent with the statute.

As stated in our previous submissions, the focus of the weekly/monthly planners is not the printing, and the essential character of the planners is not determined by the presence of a calendar, and therefore, they do not satisfy the common meaning of the term.  Moreover, the *printing* on the page – as noted in the EN – does not give the item its essential character.  Instead, the essential character of this item is a stationery tool that provides space to allow the user to write down information to plan his or her time in an organized way.  Because "the products are not merely charts for showing the division of a given year but rather are bound notebooks that contain charts that meet the calendar definition along with space to write information about each day/month as well as space to write additional notes, addresses, and telephone numbers," the merchandise is not a calendar.  *Blue Sky I,* 698 F. Supp. 3d at 1252.

## III.   THE PLANNERS ARE CLASSIFIED IN HEADING 4820, HTSUS

Plaintiff fails to address the classification of its planners in heading 4820, HTSUS.  Subheading 4820.10.40, HTSUS, covers "[r]egisters, account books, notebooks, order books, receipt books, letter pads, memorandum pads, diaries and similar articles . . . [r]egisters, account books, notebooks, order books, receipt books, letter pads, memorandum pads, diaries and similar articles . . . [o]ther."  The Court must apply the principle of *ejusdem generis* to identify the common characteristics or purpose of the listed exemplars and determine whether an item is "similar" to those listed.  Here, as the Federal Circuit noted, the listed items are "stationery items for recording various types of information – many of them with pre-defined templates allowing users to write down information, *much like Blue Sky's products*."  *Blue Sky The Color of Imagination, LLC v. United States,* 160 F. 4th 1334, 1340 (Fed. Cir. 2025) (emphasis added).

Plaintiff appears to agree.  Pl. Supp. Br. at 7 ("the Court correctly observed that Chapter 48 concerns 'other paper products that can be used to record various kinds of information.'").

However, plaintiff then argues that items in Chapter 49, such as postcards, blue prints, and sheet music, are also fit in that category.  Pl. Supp. Br. at 6-7.  As stated above, Chapter 49 focuses on the printing industry, and with respect to sheet music, blue prints and post cards, the printing on the item is paramount.  That is not the case with the planners at issue.

Like EN 49.10, EN 48.20 also highlights the importance of considering the printed material on the paper product.  EN 48.20 provides that where the printing on the item is *incidental* to the primary use of an item classification remains in heading 4820 (whereas Chapter 49 requires that printing provide the essential character).  EN 48.20.  Again, for sheet music, post cards and blue prints, the printing provides the essential character, for the weekly/monthly planners it does not.  Moreover, EN 48.20 also includes an "engagement book" as being classified in heading 4820, which, like the "engagement calendar" that is excluded from heading 4910, describes the merchandise at issue.  Plaintiff omits this fact, one that the Federal Circuit found significant.  *Blue Sky*, 160 F. 4th 1340.  The merchandise at issue, therefore, is properly classified in subheading 4820.10.40, HTSUS.  The printing on the planners is incidental to their purpose, which is to allow the user to plan his or her own time in an organized way.

## IV.    GRI 3 ANALYSIS IS UNNECESSSARY

GRI 3 applies to determine the appropriate classification when "goods are, *prima facie*, classifiable under two or more headings . . . ." The weekly/monthly planners are not *prima facie* classifiable as "calendars" of heading 4910.  Therefore, GRI 1 governs classification, not GRI 3.

## CONCLUSION

For these reasons, and those stated in our original and supplemental summary judgment briefing, we respectfully request that this Court grant judgment in the defendant's favor.

7

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By:   /s/ Aimee Lee
AIMEE LEE
Assistant Director

*Of Counsel:*

Yelena Slepak
*Office of Assistant Chief Counsel*
*U.S. Customs and Border Protection*

/s/ MONICA P. TRIANA
MONICA P. TRIANA
Senior Trial Counsel
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, New York 10278
(212) 264-9237

Dated:  April 6, 2026

8

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JANE A. RESTANI, JUDGE

|  |  |
|---|---|
| BLUE SKY THE COLOR OF IMAGINATION, | : : : : |
| Plaintiff, | :     Court No. 21-00624 |
| v. | : : |
| UNITED STATES, | : |
| Defendant. | : : |

CERTIFICATE OF COMPLIANCE PURSUANT TO USCIT
STANDARD CHAMBER PROCEDURE 2(B)

I, Monica P. Triana, trial counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing brief, relying upon the Microsoft Word count feature of the word processing program used to prepare the brief, certify that this brief complies with the type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 2,250 words.

/s/ Monica P. Triana

9