**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HONORABLE JANE A. RESTANI, JUDGE**

| | |
|---|---|
| BLUE SKY THE COLOR OF IMAGINATION, LLC<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 21-00624 |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF**

As set forth in greater detail below, the government's supplemental brief fails to disprove that Blue Sky's weekly/monthly planners are "Calendars of any kind" of heading 4910 because the planners meet the government's definition of "calendar," have the definitive characteristics of heading 4910, not 4820, articles, and are properly classified in heading 4910 under the GRIs.

**I.      The Blue Sky Weekly Calendar Meets the Government's Definition of "Calendar"**

Blue Sky's four models of weekly/monthly planners are comprised of three main sections: (1) yearly calendars for calendar years 2021 and 2022; (2) a monthly calendar for calendar year 2021; and (3) a weekly calendar for calendar year 2021. The government concedes that the yearly calendars and monthly calendar with ample lined space to write notes are calendars. Thus, the only disputed section of the Blue Sky weekly/monthly planners is the weekly calendar.

The weekly calendar easily meets *the government's* definition of "calendar" of heading 4910, which is a "system or chart representing the days, weeks, or months of the year." Gov. Supp. Br. at 5-6. For each week of calendar year 2021, the weekly calendar presents the seven days of the week organized in a two-page spread system with four calendar days printed in rows on one side and three calendar days printed in rows on the other side. This weekly calendar system is

inarguably a "system representing the days and weeks of year 2021."[1] Accordingly, by the government's own definition, the **Blue Sky weekly calendar is a calendar of heading 4910**.

The Blue Sky weekly calendar also meets the government's proffered *purpose* of a calendar, which is "fixing, arranging or determining where each particular day fits in reference to other days/weeks/months in the year." Gov. Supp. Br. at 6 (internal citations omitted). This is exactly the primary and essential purpose of the Blue Sky weekly calendar: to enable a user to fix, arrange, and determine where one day in a week of calendar year 2021 fits in reference to other days of that week. *See* Japlit Dec. §§ 5-6. The Blue Sky weekly calendar, like the Blue Sky monthly calendar and the many other weekly and monthly planner calendars Customs consistently rules are calendars of heading 4910, is first and foremost used for this date reference purpose, which users may complement by writing notes that memorialize the relationship between dates and events.[2]

The government's proffered reasons to nevertheless exclude Blue Sky's weekly calendar from heading 4910 lack merit. The government claims that "[t]ypically, a calendar must include a table or grid." Gov. Supp. Br. at 6. But this contradicts that a calendar may be formatted as a "system" **or** "chart." It is also directly belied by the language of heading 4910, which specifically lists as a "calendar" exemplar "calendar blocks,"[3] which are not formatted as a grid, table, or chart.

---

[1] The Blue Sky weekly calendar is organized as a table with rows for each day, but it need not be in a table or grid format to be a calendar according to the government's own definition. It need only be a "system representing the days and weeks" of calendar year 2021. "System" is broadly defined by Cambridge English Dictionary as "a set of connected items or devices that operate together," not a table or grid. The weekly calendar is undoubtedly a system.

[2] *See, e.g.,* NY N350537 (July 2, 2025) ("The fourth is a 'week to view' calendar…spiral bound, and each page has a week shown."); NY N235402 (December 7, 2012) ("The weekly planner is printed lithographically with the days of the week…designed for the user to make entries or reminders for each day of the week."); NY N119035 (September 1, 2010) ("The weekly planner… is designed for the user to write entries or reminders for each day of the week.). Customs classifies weekly planners as calendars of heading 4910 in each of these binding rulings.

[3] According to the ENs for heading 4910, calendar blocks "consist of a number of slips of paper each printed with particulars of a separate day of the year and assembled in chronological order in the form of a block from which the separate slips are removed daily. These blocks are generally used for mounting on a base of paperboard, or for annual replacement in calendars with bases of a more permanent nature." Calendar blocks are systems, not charts.

The government also incorrectly claims the weekly/monthly planners' marketing and packaging does not identify the weekly calendar section to customers as a calendar and instead identifies it as stationary. Gov. Supp. Br. at 7. This is false. To the contrary, the planners' packaging specifically and expressly markets the weekly calendar section to customers as a **2021** "**weekly calendar[]**" and **does not** refer to the planner as a stationary item of heading 4820:



The government also attempts to exclude the weekly calendar from the definition of "calendar" because it is used for scheduling, keeping track of appointments, and planning. Gov. Supp. Br. at 7. But none of these uses are disqualifying characteristics in any calendar definition, and Customs itself has accepted this exact usage in many weekly planner calendars it routinely classifies as calendars of heading 4910.[4] Further, these are the same exact uses prevalent in Blue Sky's monthly calendar, which the government readily concedes is a calendar of heading 4910.

---

[4] *See*, e.g. NY N235402 (December 7, 2012) ("The weekly planner is printed lithographically with the days of the week…**designed for the user to make entries or reminders for each day of the week**.") (emphasis added).

Finally, the government asks this Court to use the ENs' purported exclusion of "engagement calendars" from heading 4910 as a basis to exclude Blue Sky's weekly calendar. As set forth in our supplemental brief, the Federal Circuit **prohibits** this Court from using the ENs to exclude any kind of calendar from heading 4910. If the Court narrows or creates ambiguity about the unlimited scope of heading 4910 to exclude so-called engagement calendars, weekly calendars, or any other kind of calendars, as the government suggests, it will **violate controlling precedent**.

II.     **Contrary to the Government's Claim, the Blue Sky Weekly Calendar Has the Mandatory Physical Characteristics of Heading 4910, not Heading 4820, Articles**

Next, the government incorrectly claims that the Blue Sky weekly calendar shares the *ejusdem generis* physical characteristics of the exemplars in heading 4820, not those of heading 4910. The opposite is true. Generally, Chapter 48 covers blank paper and template business and personal paper forms and Chapter 49 covers paper with informational printing. In fact, heading 4820 is the only heading in Chapter 48 in which the paper has any form of printing, and even there, the printing is, by definition, generic and non-informational. If there is printing on heading 4820 articles at all, it is only meant to provide the parameters of where a user can input information.

Customs agrees. According to Customs, while both chapters cover paper products on which a user can write, the key distinction between Chapter 49 and Chapter 48 articles is that Chapter 49 articles such as calendars are printed with **"informational materials,"** whereas Chapter 48 articles are not.[5] For example, Chapter 49 contains illustrated and printed postcards and greeting cards

---

[5] *See* NY N353456 (September 30, 2025) (holding that calendars are "informational materials" encompassed by 50 U.S.C. § 1702(b)(3) and as such are exempted from Presidential tariffs. "Informational material" is defined as"

any type of content that is designed to provide information or educate the audience on a specific topic. This can include written content such as books, articles, reports, pamphlets, and brochures, as well as visual aids like graphs, charts, diagrams, and infographics. Informational materials aim to present facts, statistics, explanations, instructions, or any other type of knowledge in a clear and concise manner to help the audience understand and learn about a particular subject.

https://opi.cs.cmu.edu/show/informational_material

(heading 4909), which are meant to be written in as a complement to the printing but are classified in Chapter 49 because of their informational printing in the form of entertaining printed images and/or clever printed messages by the author.[6] *See* NY N353994 (October 8, 2025) (exempting printed calendars and greeting cards from IEEPA tariffs because they contain printed "informational materials"). In contrast, the basic lined printing in similar Chapter 48 articles, such as plain postcards and correspondence cards (heading 4817), contain no such informational content and merely provides the location for the user to write.[7] In the Federal Circuit panel's dicta cited to by the government (Gov. Supp. Br. at 9), it omits that the weekly calendar **does not contain a blank lined writing template** like Chapter 48 articles. Instead, it primarily **contains informational calendar printing** depicting the dates and days of each calendar week in 2021 as a **system** organized to give users the opportunity to view information about an entire calendar week at one time. This **informational content printing requires classification in Chapter 49**.[8]

---

[6] Under the government's untenable reasoning, anything on which a user can write on is classified in heading 4820 regardless of its other printing. This would force heading 4820 to swallow up classic Chapter 49 printed products that are written in profusely like textbooks, bibles, coloring books, postcards, greeting cards, and, yes, even customs forms, simply because they are written in. This cannot be the deciding factor. The distinguishing factor between all these Chapter 49 products, calendars included, is that the printing in them is substantive in that it conveys certain information. The essential purpose is driven by the substantive information conveyed in the printing. The writing function is entirely secondary to their main purpose – be it education on a subject, a picture from a faraway place, a greeting card with a funny message, or a calendar depicting the days, weeks, or months of a year. Heading 4820 articles have none of this substantive, informational printing – they merely provide blank template space to write.

[7] Certain heading 4820 articles, such as diaries and engagement books (which are distinct from engagement calendars in that they necessarily do not include calendar printing), occasionally include printed dates listed in chronological order but no printing of the year or days of the week. This printing is not "informational" because it is not presented as an organized weekly or monthly calendar system educating users on where one date fits in relation to another in a given calendar week, month, or year. Rather, this chronological date printing merely directs the user to where the user may enter notes relevant to a generic date. Accordingly, even diaries and engagement books with chronological dates may not be classifiable in Chapter 49 if the printed dates are not organized into a system that informs the user of the relationship between dates in a specific calendar week, month, and/or year, such as 2021.

[8] Importantly, the Blue Sky weekly calendar contains the same printed calendar information as the monthly and yearly calendar, so it is also classified in heading 4910. Further, heading 4910 calendars like the Blue Sky weekly calendar have unique printing on every page whereas heading 4820 articles have the same generic template printing on each page. Finally, heading 4910 calendars like the Blue Sky weekly calendar expires and becomes obsolete after the calendar year for which it is printed whereas heading 4820 articles never expire and are used in perpetuity.

**III.** **The Government Misapplies the GRIs, Which Properly Classify the Blue Sky Weekly/Monthly Planners in Heading 4910 under GRI 1, 3(a), or 3(b)**

Throughout the government's supplemental brief, it casually refers to "essential character" as a general legal concept applicable to its GRI 1 analysis. The government is mistaken. "Essential character" is not a nebulous legal concept to be utilized at will to reach classification determinations. Rather, "essential character" is a specific *term of art* referred to **only** in GRI 3(b) solely to help the Court choose between two or more equally applicable classifications. *See Bauer Nike Hockey USA, Inc. v. United States*, 393 F.3d 1246, 1252–53 (Fed. Cir. 2004) (explaining where "essential character" narrowly fits in a court's GRI analysis). Before resorting to GRI 3(b), however, the Court must have already determined that the article is classifiable in multiple headings such that GRI 1 is inapplicable, dispensed with GRI 2, and determined that GRI 3(a) is not determinative either. This is not the case with the Blue Sky weekly/monthly planners.

Under GRI 1, the planners are classified in heading 4910 because all three sections are calendars. Yet the government claims the Blue Sky weekly/monthly planners' pages contain both "charts" of heading 4910 calendars and "notebook" features of heading 4820. Gov. Supp Brief at 8. If the Court accepts this premise, the planners are not classifiable in one heading under GRI 1. Given GRI 2 is inapplicable, the Court must then first move sequentially to GRI 3(a). It is undisputed that **heading 4910 is more specific than heading 4820**, so under GRI 3(a), the weekly calendar is classified in heading 4910 and the Court must not consider "essential character" in GRI 3(b). *See Bauer Nike Hockey USA, supra,* 393 F.3d at 1252 ("We find that the 'rule of specificity' under GRI 3(a) adequately resolves the proper classification of the subject merchandise.").

If the Court is unable to determine which heading is more specific, however, only then is the Court permitted to move sequentially to GRI 3(b) and thus consider "essential character." The result is the same. "Essential character" is the *indispensable* feature of an article. Here, the planners'

**calendar printing on nearly every page is the _indispensable_ part of the planners**. With it, as with any calendar, the user can navigate to a date in 2021, learn what day of the week and/or month that date is, and compare that date to surrounding dates for planning purposes. Without it, the planner would be just another notebook with no more intrinsic value than a stack of blank paper.

The government incorrectly claims the planners' calendar printing is _incidental_ to their use. Gov. Supp. Br. at 11. The converse is true. No one buys weekly/monthly planners simply for the lined space to write. Consumers mainly buy dated planners for the weekly and monthly calendars. The space to write is a bonus. Simply stated: If notebook lines are added to each page of a printed calendar, it is still a calendar. Conversely, if calendar printing is added to each page of a notebook, it too becomes a calendar because **calendars, not writing lines, are the _essential_ feature**. Accordingly, even in the unlikely event the Court can progress to GRI 3(b) and consider "essential character," the Blue Sky weekly/monthly planners, in which each page contains a printed yearly, monthly, or weekly 2021 calendar, are classified as "Calendars of any kind" in heading 4910.

## IV.    Conclusion

The Blue Sky weekly/monthly planners are properly classified as "Calendars of any kind" in heading 4910 because all three sections meet the definition of "calendar," have informational printing unique to heading 4910 calendars, and are classified in heading 4910 under the GRIs.

Dated: April 6, 2026

Respectfully Submitted,

By: /s/ Christopher J. Duncan
Christopher J. Duncan
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Phone: (213) 689-6579
Email: chris.duncan@squirepb.com

By: /s/ Elon A. Pollack
Elon A. Pollack
STEIN SHOSTAK SHOSTAK POLLACK
& O'HARA LLP
445 S. Figueroa St., Suite 2388
Los Angeles, CA 90071
Phone: (213) 630-8888
e-mail: elon@steinshostak.com

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HONORABLE JANE A. RESTANI, JUDGE**

| | |
|---|---|
| BLUE SKY THE COLOR OF IMAGINATION, LLC<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 21-00624 |

## CERTIFICATE OF COMPLIANCE PURSUANT TO USCIT STANDARD CHAMBER PROCEDURE 2(B)

I, Christopher J. Duncan, counsel for plaintiff, who is responsible for

the foregoing brief, relying upon the Microsoft Word count feature of the word processing

program used to prepare the brief, certify that this brief complies with the type-volume limitation

under USCIT Standard Chamber Procedure 2(B) and contains 2,680 words.

/s/ Christopher J. Duncan