**FORM 1. Notice of Appeal from a United States Federal Court (District Court, Court of Appeals for Veterans Claims, Court of Federal Claims (non-vaccine appeals), and Court of International Trade)**    **Form 1**    **March 2023**

# UNITED STATES

# COURT OF INTERNATIONAL TRADE

## NOTICE OF APPEAL

Notice is hereby given that the appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Case number being appealed:    21-00624

Case title being appealed:    Blue Sky the Color of Imagination, LLC  v.  United States

Date of final judgment or order being appealed:    April 21, 2026

**List all Appellants** (List each party filing this appeal.  Do not use "et al." or other abbreviations.  Attach continuation pages if necessary.)

Blue Sky the Color of Imagination, LLC

Date:    May 15, 2026

Signature:  /s/ Christopher J. Duncan

Name:    Christopher J. Duncan

Address:    Squire Patton Boggs (US) LLP

555 South Flower Street, 31st Floor

Los Angeles, CA 90071

Phone Number:  (213) 624-2500

Email Address:  chris.duncan@squirepb.com

TERMINATED

# U.S. Court of International Trade
## LIVE Database (New York)
## CIT DOCKET FOR CASE #: 1:21-cv-00624-JAR

Blue Sky the Color of Imagination, LLC v. United States
**Assigned to:** Jane A. Restani
**Lead Docket:**

| | |
|---|---|
| **Jurisdiction:** | **Date Filed:** 12/14/2021 |
| 28USC § 1581(a) Denied Protest(s) | **Jury Demand:** No |

**Category:**
Classification 19USC § 1514(a)(2)

**Date Terminated:** 04/21/2026

**Date Reopened:** 01/27/2026

**Agency:**
U.S. Customs and Border Protection

**Does this action raise an issue of constitutionality?:** N

**Product Description:**
Calendars

**Export Country:**
China

**Plaintiff**

**Blue Sky the Color of Imagination, LLC**          represented by **Christopher J. Duncan**
Stein Shostak Shostak Pollack & O'Hara, LLP
445 South Figueroa Street
Suite 2388
Los Angeles, CA 90071
(915) 727-0007
Email: chris.duncan@squirepb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***Bar Status: ACTIVE***

**Elon Abram Pollack**
Stein Shostak Shostak Pollack & O'Hara, LLP
445 S. Figueroa Street
Suite 2388
Los Angeles, CA 90071
(213) 630-8888

Fax: (213) 630-8890
Email: elon@steinshostak.com
*ATTORNEY TO BE NOTICED*
***Bar Status: ACTIVE***

**Defendant**

**United States**                                  represented by   **Monica Perrette Triana**
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza
New York, NY 10278
(212) 264-9240
Fax: (212) 264-1916
Email: monica.p.triana@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***Bar Status: ACTIVE***

**Attorney-in-Charge**
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza - Room 346
Civil Division
New York, NY 10278
(212) 264-9230
Email: civil.itfoecf@usdoj.gov
*ATTORNEY TO BE NOTICED*
***Bar Status: ACTIVE***

**CBP Assistant Chief Counsel**
U.S. Department of Homeland Security
International Trade Litigation
U.S. Customs and Border Protection
26 Federal Plaza - Room 258
New York, NY 10278
(212) 264-9271 ext. 102
Fax: (212) 264-1326
Email:
gmb.asstchiefcounselitl@cbp.dhs.gov
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Fariha Binte Kabir**
U.S. Customs and Border Protection
Assistant Chief Counsel
26 Federal Plaza
Suite 258
New York, NY 10278
(917) 225-1679
Email: fariha.b.kabir@cbp.dhs.gov
***TERMINATED: 01/28/2026***
***Bar Status: ACTIVE***

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2021 | 1 | **[ENTERED IN ERROR. THIS DOCUMENT IS SUPERSEDED BY THE DOCUMENT AT ECF# 6]** Summons . Filed by Christopher J. Duncan of Stein Shostak Shostak Pollack & O'Hara, LLP on behalf of Blue Sky the Color of Imagination, LLC. Protests and entries due by 3/14/2022. (Duncan, Christopher) Modified on 12/16/2021 (Chien, Jason). (Entered: 12/14/2021) |
| 12/14/2021 | 2 | Form 5 Information Statement . Filed by Christopher J. Duncan of Stein Shostak Shostak Pollack & O'Hara, LLP on behalf of Blue Sky the Color of Imagination, LLC. (Duncan, Christopher) (Entered: 12/14/2021) |
| 12/14/2021 | 3 | Form 13 Corporate Disclosure Statement . Filed by Christopher J. Duncan of Stein Shostak Shostak Pollack & O'Hara, LLP on behalf of Blue Sky the Color of Imagination, LLC. (Duncan, Christopher) (Entered: 12/14/2021) |
| 12/15/2021 | 4 | Consent Motion to alter/amend/correct *Summons with Proposed Amended Summons*. Responses due by 1/5/2022. Filed by Christopher J. Duncan of Stein Shostak Shostak Pollack & O'Hara, LLP on behalf of Blue Sky the Color of Imagination, LLC. (Attachments: # 1 Proposed Amended Summons) (Duncan, Christopher) (Entered: 12/15/2021) |
| 12/16/2021 | 5 | Order entered on 12/16/2021 granting Consent Motion to Correct Summons. ORDERED that Plaintiff's Consent Motion to Correct Summons is granted; and it is further ORDERED that the Summons for this action be amended as set forth in the Amended Summons and that the corrected version of Plaintiff's Summons shall be substituted on the Court's docket. SO ORDERED. (Related Doc # 4 ). (Chien, Jason) (Entered: 12/16/2021) |
| 12/16/2021 | 6 | Amended Summons *deemed filed*. Filed by Christopher J. Duncan of Stein Shostak Shostak Pollack & O'Hara, LLP on behalf of Blue Sky the Color of Imagination, LLC. (Chien, Jason) (Entered: 12/16/2021) |
| 01/13/2022 | 7 | Form 11 Notice of Appearance . Filed by Monica Perrette Triana of U.S. Department of Justice on behalf of United States.(Triana, Monica) (Entered: 01/13/2022) |
| 03/02/2022 | 8 | Protests and Entries from the Center/Port of Los Angeles . Filed by CBP Assistant Chief Counsel of U.S. Department of Homeland Security on behalf of United States. (Attachments: # 1 Protest # 2704-21-157377 & 1E)(CBP Assistant Chief Counsel, ) (Entered: 03/02/2022) |
| 08/04/2022 | 9 | Complaint against United States. Answer due by 10/3/2022. Filed by Christopher J. Duncan of Stein Shostak Shostak Pollack & O'Hara, LLP on behalf of Blue Sky the Color of Imagination, LLC.(Duncan, Christopher) (Entered: 08/04/2022) |
| 08/17/2022 | 10 | Order entered on 8/17/2022 assigning action to Judge Jane A. Restani. (Goell, Geoffrey) (Entered: 08/17/2022) |
| 10/03/2022 | 11 | Answer to Complaint . Filed by Monica Perrette Triana of U.S. Department of Justice on behalf of United States. (Triana, Monica) (Entered: 10/03/2022) |
| 10/04/2022 | 12 | Rule 16 notice *Parties shall confer and file a joint proposed scheduling order with the Clerk of Court by November 3, 2022*. (Taronji, Steve) (Entered: 10/04/2022) |
| 10/27/2022 | 13 | Joint Proposed scheduling order . Filed by Christopher J. Duncan of Stein Shostak Shostak Pollack & O'Hara, LLP on behalf of Blue Sky the Color of Imagination, LLC. (Duncan, Christopher) (Entered: 10/27/2022) |

| | | |
|---|---|---|
| 10/27/2022 | 14 | Order entered on 10/27/2022; Scheduling Order: Discovery will be completed by 4/21/2023. Dispositive Motions, if any, due by 6/9/2023. If no dispositive motions are filed, request for trial due by 7/7/2023. (Goell, Geoffrey) (Entered: 10/27/2022) |
| 11/03/2022 | 15 | Consent Motion for leave to file out of time *Samples, Pursuant to USCIT Rule 73.1*. Responses due by 11/25/2022. Filed by Monica Perrette Triana of U.S. Department of Justice on behalf of United States.(Triana, Monica) (Entered: 11/03/2022) |
| 11/04/2022 | 16 | Order entered on 11/4/2022 granting Consent Motion for leave to file samples of the imported merchandise pursuant to USCIT Rule 73.1 out of time. ORDERED that U.S. Customs and Border Protection shall file the samples of the imported merchandise within two business days of the entry of this order (Related Doc # 15 ). (Goell, Geoffrey) (Entered: 11/04/2022) |
| 11/07/2022 | 17 | Notice of Manual Filing. The document for Docket Entry *#17* has been filed manually. *Physical Exhibits (Samples of desk pads and planners)*. Filed by CBP Assistant Chief Counsel of U.S. Department of Homeland Security on behalf of United States.(Goell, Geoffrey) (Entered: 11/08/2022) |
| 04/11/2023 | 18 | Consent Motion to Amend Scheduling Order . Responses due by 5/2/2023. Filed by Christopher J. Duncan of Stein Shostak Shostak Pollack & O'Hara, LLP on behalf of Blue Sky the Color of Imagination, LLC. (Attachments: # 1 Proposed Order To Amend Scheduling Order)(Duncan, Christopher) (Entered: 04/11/2023) |
| 04/12/2023 | 19 | Order entered on 4/12/2023 granting Consent Motion to Amend Scheduling Order. Discovery will be completed by July 20, 2023. Dispositive motions, if any, will be filed by September 7, 2023. A brief in response to a dispositive motion may include a dispositive cross-motion. If no dispositive motions are filed, a request for trial, if any, will be filed by October 5, 2023, and will be accompanied by a proposed Order Governing Preparation for Trial (Related Doc # 18 ). (Goell, Geoffrey) (Entered: 04/12/2023) |
| 08/23/2023 | 20 | Motion for summary judgment . Response to Dispositive Motion due by 9/27/2023. Filed by Christopher J. Duncan of Stein Shostak Shostak Pollack & O'Hara, LLP on behalf of Blue Sky the Color of Imagination, LLC. (Attachments: # 1 Proposed Order, # 2 Appendix Statement of Undisputed Material Facts, # 3 Exhibits) (Duncan, Christopher) (Entered: 08/23/2023) |
| 09/21/2023 | 21 | Consent Motion for extension of time until 10/27/2023 to *File An Opposition And Cross-Motion For Summary Judgment*. Responses due by 10/12/2023. Filed by Monica Perrette Triana of U.S. Department of Justice on behalf of United States.(Triana, Monica) (Entered: 09/21/2023) |
| 09/22/2023 | 22 | Order entered on 9/22/2023 granting Consent Motion for extension of time to file opposition and cross-motion for summary judgment. ORDERED that defendant's time to file its opposition and cross-motion for summary judgment is hereby extended to and including October 27, 2023 (Related Doc # 21 ). (Goell, Geoffrey) (Entered: 09/22/2023) |
| 10/19/2023 | 23 | Consent Motion for extension of time until 11/17/2023 to file brief *(Response to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment)*. Responses due by 11/9/2023. Filed by Monica Perrette Triana of U.S. Department of Justice on behalf of United States.(Triana, Monica) (Entered: 10/19/2023) |
| 10/20/2023 | 24 | Order entered on 10/20/2023 granting Consent Motion for extension of time to file Response to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment. ORDERED that defendant's time to file its opposition and cross-motion for summary judgment is hereby extended to and including November 17, 2023 (Related Doc # 23 ). (Goell, Geoffrey) (Entered: 10/20/2023) |

| 11/17/2023 | 25 | Cross-Motion for summary judgment *And Opposition To Plaintiff's Motion For Summary Judgment*. Response to Dispositive Motion due by 12/22/2023. Filed by Monica Perrette Triana of U.S. Department of Justice on behalf of United States. (Attachments: # 1 Statement of Undisputed Material Facts, # 2 Response to Plaintiff's Statement of Facts, # 3 Exhibit A-H, # 4 Exhibit I-Z)(Triana, Monica) Modified on 11/19/2023 (Goell, Geoffrey). (Entered: 11/17/2023) |
|---|---|---|
| 12/22/2023 | 26 | Response *and Reply to Opposition and* to Motion *for Summary Judgment* (related document(s) 25 ). Reply in support of Cross-Motion due by 1/12/2024. Filed by Christopher J. Duncan of Stein Shostak Shostak Pollack & O'Hara, LLP on behalf of Blue Sky the Color of Imagination, LLC. (Attachments: # 1 Declaration of Elaine Peterson, # 2 Exhibit 15-17, # 3 Response to the Government's Statement of Facts)(Duncan, Christopher) Modified on 12/25/2023 (Goell, Geoffrey). (Entered: 12/22/2023) |
| 01/09/2024 | 27 | Partial Consent Motion for extension of time until 2/12/2024 to file reply brief. Responses due by 1/30/2024. Filed by Monica Perrette Triana of U.S. Department of Justice on behalf of United States. (Triana, Monica) (Entered: 01/09/2024) |
| 01/10/2024 | 28 | Order entered on 1/10/2024 granting Motion for extension of time to file reply brief. Reply brief due by 2/12/2024 (Related Doc # 27 ). (Goell, Geoffrey) (Entered: 01/10/2024) |
| 02/12/2024 | 29 | Reply *Brief In Further Support Of The Government's Cross-Motion For Summary Judgment* (related document(s) 26 ). Filed by Monica Perrette Triana of U.S. Department of Justice on behalf of United States. (Attachments: # 1 Exhibit)(Triana, Monica) (Entered: 02/12/2024) |
| 02/12/2024 | 30 | Motion to strike *Plaintiff's Second Statement of Material Facts*. Responses due by 3/4/2024. Filed by Monica Perrette Triana of U.S. Department of Justice on behalf of United States.(Triana, Monica) (Entered: 02/12/2024) |
| 02/23/2024 | 31 | Paperless Order entered on 2/23/2024: An in-person oral argument is scheduled for 3/26/2024 01:30 PM in CIT Courtroom No. 2 before Jane A. Restani. (Goell, Geoffrey) (Entered: 02/23/2024) |
| 02/27/2024 | 32 | Response to Motion *to Strike* (related document(s) 30 ). Filed by Christopher J. Duncan of Stein Shostak Shostak Pollack & O'Hara, LLP on behalf of Blue Sky the Color of Imagination, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Duncan, Christopher) (Entered: 02/27/2024) |
| 02/28/2024 | 33 | Paperless Order entered on 2/28/2024: The pending motion to strike will be addressed at the upcoming oral argument scheduled for March 26, 2024, at 1:30 PM in CIT Courtroom 2. (Goell, Geoffrey) (Entered: 02/28/2024) |
| 03/19/2024 | 34 | Letter issued by The Honorable Jane A. Restani concerning *questions for Oral Argument. See Letter*. (Goell, Geoffrey) (Entered: 03/19/2024) |
| 03/21/2024 | 35 | Form 11 Notice of Appearance . Filed by Elon Abram Pollack of Stein Shostak Shostak Pollack & O'Hara, LLP on behalf of Blue Sky the Color of Imagination, LLC.(Pollack, Elon) (Entered: 03/21/2024) |
| 03/21/2024 | 36 | Form 11 Notice of Appearance . Filed by Fariha Binte Kabir of U.S. Customs and Border Protection on behalf of United States.(Kabir, Fariha) (Entered: 03/21/2024) |
| 03/26/2024 | 37 | Oral Argument held on March 26, 2024 at 1:30 p.m. in CIT Courtroom 2. . (Goell, Geoffrey) (Entered: 03/26/2024) |
| 03/26/2024 | 38 | Minute Order entered on 3/26/2024: Defendant's Motion to Strike (ECF #30) is denied. (Goell, Geoffrey) (Entered: 03/26/2024) |

| 04/05/2024 | 39 | Motion for leave to *File Supplemental Briefing* (related document(s) 31 ). Responses due by 4/26/2024. Filed by Christopher J. Duncan of Stein Shostak Shostak Pollack & O'Hara, LLP on behalf of Blue Sky the Color of Imagination, LLC. (Attachments: # 1 Proposed Order)(Duncan, Christopher) (Entered: 04/05/2024) |
|---|---|---|
| 04/05/2024 | 40 | Paperless Order entered on 4/5/2024 denying Motion for leave to file Supplemental Briefing (Related Doc # 39 ). (Goell, Geoffrey) (Entered: 04/05/2024) |
| 04/10/2024 | 41 | Order entered on 4/10/2024, Slip Op. 24-42; In a Customs classification matter, judgment issued declaring classification other than as claimed by the parties (related document(s) 25 , 26 , 29 , 20 ). (Goell, Geoffrey) (Entered: 04/10/2024) |
| 04/10/2024 | 42 | Order entered on 4/10/2024; Judgment issued (related document(s) 41 ). (Goell, Geoffrey) (Entered: 04/10/2024) |
| 04/16/2024 | 43 | Notice of Appeal of Order/Judgment of 4/10/2024 filed. (related document(s) 42 , 41 ). Filed by Christopher J. Duncan of Stein Shostak Shostak Pollack & O'Hara, LLP on behalf of Blue Sky the Color of Imagination, LLC.(Duncan, Christopher) (Entered: 04/16/2024) |
| 04/18/2024 | 44 | *Plaintiff Blue Sky the Color of Imagination, LLC's* Appeal of *Slip-Op. 24-42* docketed on 4/18/2024 by the CAFC as appeal no. 2024-1710 (related document(s) 43 ). (Chien, Jason) (Entered: 04/18/2024) |
| 05/21/2024 | 45 | Transcript of Oral Argument held on 3/26/2024 filed with court. Pursuant to Administrative Order 08-01 re: the redaction of personal data identifiers. Notice of Intent to Redact Deadline due 5/28/2024. Redaction Request due 6/11/2024. Redacted Transcript Deadline set for 6/21/2024. Release of Transcript Restriction set for 8/19/2024. (Goell, Geoffrey) (Entered: 05/21/2024) |
| 12/26/2024 | 46 | Amended Form 11 Notice of Appearance *with New Address*. Filed by Christopher J. Duncan of Stein Shostak Shostak Pollack & O'Hara, LLP on behalf of Blue Sky the Color of Imagination, LLC.(Duncan, Christopher) (Entered: 12/26/2024) |
| 09/16/2025 | 47 | Order from CAFC *: Ordered that The United States Court of International Trade is directed to transmit the samples to the court no later than September 26, 2025*. (Goell, Geoffrey) (Entered: 09/16/2025) |
| 09/16/2025 | 48 | Notice from the CIT Clerk's Office *: Exhibits/Samples sent to the CAFC via UPS. UPS Tracking # 1Z6R051Y0390250088*. (Goell, Geoffrey) Modified on 9/16/2025 (Goell, Geoffrey). (Entered: 09/16/2025) |
| 12/04/2025 | 49 | CAFC decision in appeal # *2024-1710*. Decision: *Reversed and Remanded* (related document(s) 44 ). (Goell, Geoffrey) (Entered: 12/04/2025) |
| 12/04/2025 | 50 | CAFC Judgment *issued* (related document(s) 49 ). (Goell, Geoffrey) (Entered: 12/04/2025) |
| 01/27/2026 | 51 | CAFC mandate in appeal # *2024-1710*. Mandate issued on *1/27/2026* (related document(s) 43 ). (Goell, Geoffrey) (Entered: 01/27/2026) |
| 01/27/2026 | 52 | Paperless Order entered on 1/27/2026: The CAFC Mandate in Blue Sky the Color of Imagination, LLC v. U.S., No. 24-1710 (Fed. Cir. Jan. 27, 2026) has been received. See ECF No. 51 (Jan. 27, 2026). The parties shall confer and file a status report and proposed briefing schedule informing the court on how the case should proceed by Tuesday, February 10, 2026. (Goell, Geoffrey) (Entered: 01/27/2026) |
| 01/27/2026 | 53 | Notice of withdrawal as attorney of record filed . Filed by Fariha Binte Kabir of Faegre Drinker Biddle & Reath LLP on behalf of United States.(Kabir, Fariha) (Entered: 01/27/2026) |

| | | |
|---|---|---|
| 02/10/2026 | 54 | Joint Response to Court's Request/Order *Dated January 27, 2026*. Filed by Christopher J. Duncan of Squire Patton Boggs (US) LLP on behalf of Blue Sky the Color of Imagination, LLC. (Duncan, Christopher) (Entered: 02/10/2026) |
| 02/11/2026 | 55 | Scheduling Order entered on 2/11/2026: On or before March 16, 2026, the parties shall each submit a supplemental summary judgment brief, no longer than 15-pages, summarizing its position or identifying any additional arguments for the court's consideration. On or before April 6, 2026, the parties shall each submit a response brief, no longer than 7-pages in length, addressing any arguments made by the opposing party in the supplemental summary judgment submission. Discovery is closed. Plaintiff has not provided sufficient reason to seek physical exhibits covered by the discovery period. The court will decide after considering the briefing whether evidence relating to post-discovery period classifications would assist the court. (Goell, Geoffrey) (Entered: 02/11/2026) |
| 03/16/2026 | 56 | Supplemental Brief *in Support of Motion for Summary Judgment* (related document(s) 55 ). Filed by Christopher J. Duncan of Squire Patton Boggs (US) LLP on behalf of Blue Sky the Color of Imagination, LLC. (Attachments: # 1 Declaration of Christian Japlit, # 2 Declaration of Elaine Peterson)(Duncan, Christopher) (Entered: 03/16/2026) |
| 03/16/2026 | 57 | Brief *Supplemental Summary Judgment Submission*. Filed by Monica Perrette Triana of U.S. Department of Justice on behalf of United States. (Triana, Monica) (Entered: 03/16/2026) |
| 03/16/2026 | 58 | Certificate of Compliance *to Plaintiffs Supplemental Brief Pursuant to USCIT Standard Chamber Procedure 2(B)* (related document(s) 56 ). Filed by Christopher J. Duncan of Squire Patton Boggs (US) LLP on behalf of Blue Sky the Color of Imagination, LLC. (Duncan, Christopher) (Entered: 03/16/2026) |
| 04/06/2026 | 59 | Brief *in Response to Plaintiff's Supplemental Summary Judgment Brief*. Filed by Monica Perrette Triana of U.S. Department of Justice on behalf of United States. (Triana, Monica) (Entered: 04/06/2026) |
| 04/06/2026 | 60 | Supplemental Response to Motion *for Summary Judgment and Supplemental Brief by the Government*. Filed by Christopher J. Duncan of Squire Patton Boggs (US) LLP on behalf of Blue Sky the Color of Imagination, LLC. (Attachments: # 1 Customs ruling, # 2 Customs ruling, # 3 Customs ruling, # 4 Customs ruling, # 5 Customs ruling)(Duncan, Christopher) (Entered: 04/06/2026) |
| 04/13/2026 | 61 | Plaintiffs Motion for Guidance Regarding Lost Physical Exhibits. Responses due by 5/4/2026. Filed by Elon Abram Pollack of Stein Shostak Shostak Pollack & O'Hara, LLP, Christopher J. Duncan of Stein Shostak Shostak Pollack & O'Hara, LLP on behalf of Blue Sky the Color of Imagination, LLC. (Attachments: # 1 Proposed Order)(Duncan, Christopher) (Entered: 04/13/2026) |
| 04/14/2026 | 62 | Paperless Order entered on 4/14/2026: The court has reviewed Plaintiff's Motion for Guidance Regarding Lost Physical Exhibits, ECF No. 61 (Apr. 13, 2026). Many cases are decided without physical exhibits. The court has very complete scans in the record as well as detailed verbal descriptions. Thus, the court does not require new physical exhibits. The parties, however, may agree to submit substitute samples. (Goell, Geoffrey) (Entered: 04/14/2026) |
| 04/21/2026 | 63 | Order entered on 4/21/2026, Slip op. 26-37; In a Customs classification matter, judgment issued declaring classification as claimed by the defendant (related document(s) 59 , 60 , 56 , 57 ). (Goell, Geoffrey) (Entered: 04/21/2026) |
| 04/21/2026 | 64 | Order entered on 4/21/2026 Judgment for Slip Op. 26-37 (related document(s) 63 ). (Goell, Geoffrey) (Entered: 04/21/2026) |

Slip Op. 26-37

## UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr>
<td>

BLUE SKY THE COLOR OF
IMAGINATION, LLC,

        Plaintiff,

v.

UNITED STATES,

        Defendant.

</td>
<td>

Before: Jane A. Restani, Judge

Court No. 21-00624

</td>
</tr>
</table>

## OPINION

[In a Customs classification matter, judgment issued declaring classification as claimed by the defendant.]

Dated: April 21, 2026

Christopher J. Duncan and Elon Abram Pollack, Stein Shostak Shostak Pollack & O'Hara, LLP, of Los Angeles, CA for the plaintiff, Blue Sky the Color of Imagination, LLC.

Monica Perette Triana, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY for the defendant.

Restani, Judge: Before the court are Blue Sky the Color of Imagination, LLC's ("Blue Sky") and the government's cross-motions for summary judgment and supplemental briefs in support thereof. See Pl.'s Mot. for Summ. J., ECF No. 20 (Aug. 23, 2023) ("Blue Sky MSJ"); Def.'s Mem. of L. in Opp'n to Pl.'s Mot. for Summ. J. & in Supp. of its Cross-Mot. for Summ. J., ECF No. 25 (Nov. 17, 2023) ("Gov. MSJ"); Pl.'s Suppl. Summ. J. Br., ECF No. 56 (Mar. 16, 2026) ("Blue Sky Br."); Def.'s Suppl. Mem. of L. in Further Opp. to Pl.'s Mot. for Summ. J. and in Supp. of its Cross-Mot. for Summ. J., ECF No. 57 (Mar. 16, 2026) ("Gov. Br.").

Blue Sky argues that its weekly/monthly planners should be classified as "[c]alendars" under heading 4910 of the Harmonized Tariff Schedule of the United States ("HTSUS"). See Blue Sky MSJ; Blue Sky Br. The government argues that the planner should be classified as "[o]ther" within subheading 4820.10.40, HTSUS. See Gov. MSJ; Gov. Br. For the following reasons, this court denies Blue Sky's motion for summary judgment and grants the government's motion for summary judgment.

## BACKGROUND

The court presumes familiarity with the facts of this case as set forth in its prior decision. Blue Sky Color of Imagination, LLC v. United States, 698 F. Supp. 3d 1243 (CIT 2024), rev'd, 160 F.4th 1334 (Fed. Cir. 2025) ("Blue Sky I"). On December 2, 2020, Blue Sky imported ten models of desk "calendars" and planners which it classified as "[c]alendars of any kind" under heading 4910, HTSUS.[1] Blue Sky MSJ at 6. At liquidation, United States Customs and Border Protection ("Customs") reclassified all ten models of desk calendars and planners as "[o]ther" under subheading 4820.10.40, HTSUS. Blue Sky MSJ Ex. 4, at 215–16. Blue Sky timely protested Customs' reclassification. Id. at 214–15. Customs denied Blue Sky's protest, and Blue Sky brought this case before the court. Blue Sky MSJ at 7; id. Exs. 5.1–5.2. Blue Sky and Customs

---

[1] The parties have stipulated that December 2, 2021 is the date of importation. See Blue Sky MSJ at 6; Def.'s Resp. to Pl.'s Rule 56.2 Statement of Material Facts at 2, ECF No. 25-2 (Nov. 17, 2023). The Entry Summary for the subject merchandise, however, marks the import date as December 2, 2020. See Blue Sky MSJ Ex. 3, at 1; see also Gov. MSJ at 1 ("This case involves the classification of a single entry of merchandise entered by Blue Sky . . . on December 1, 2020."). In the light of the record evidence, the court regards the stipulated December 2, 2021 date as an inadvertent error, and finds that December 2, 2020 is the date of import. See Blue Sky MSJ Ex. 3, at 1. This conclusion is consistent with the fact that the subject merchandise includes printed matter pertaining to 2021 specifically. See Gov. MSJ Exs. A–D. The court will accordingly refer to the 2020 edition of the HTSUS. See, e.g., Lemans Corp. v. United States, 660 F.3d 1311, 1314 n.2 (Fed. Cir. 2011) (date of importation of the merchandise governs which HTSUS version applies). Because the applicable classification terms are the same between 2020 and 2021 editions of the HTSUS, this distinction does not affect the court's classification analysis or the duty rates.

have since settled as to all but four models of Blue Sky's weekly/monthly planners. Blue Sky MSJ at 4; Gov. MSJ at 1.

On April 10, 2024, this court sua sponte classified the weekly/monthly planners as "diaries" under subheading 4820.10.20, HTSUS. See Blue Sky I at 1255. The court found that the planners were properly classified as diaries because "diaries are both retrospective journals, and prospective scheduling devices," and the weekly/monthly planners were "a series of notebooks 'in which you write things that you must remember to do.'" Id. at 1253 (quoting Diary, Oxford Eng. Dictionary (online ed.)). In so doing, the court differentiated the planners from the day planners in Mead Corp. v. United States, 283 F.3d 1342 (Fed. Cir. 2002), that the Federal Circuit classified as "[o]ther" under subheading 4820.10.40, HTSUS rather than "diaries" under 4820.10.20, HTSUS. See id. at 1350; Blue Sky I at 1254–55.

On December 4, 2025, the Federal Circuit reversed Blue Sky I and remanded to this court for further proceedings. See Blue Sky the Color of Imagination, LLC v. United States, 160 F.4th 1334, 1340 (Fed. Cir. 2025) ("Blue Sky II"). It held that this court's classification of the weekly/monthly planners ran afoul of Mead's binding "interpretation of 'diary'" as prospective only, and thus the decision was tainted. Id. at 1338–40. Following remand, the parties filed supplemental briefs in further support of their cross-motions on March 16, 2026. See Blue Sky Br.; Gov. Br. Each filed responses thereto on April 6, 2026. See Pl.'s Suppl. Resp. Br., ECF No. 60 (Apr. 6, 2026) ("Blue Sky Resp. Br."); Def.'s. Resp. to Pl.'s Suppl. Br. & in Further Supp. of its Cross-Mot. for Summ. J., ECF No. 59 (Apr. 6, 2026) ("Gov. Resp. Br.").

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction under 28 U.S.C. § 1581(a). The court will grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to

Court No. 21-00624                                                                                   Page 4

judgment as a matter of law." USCIT R. 56(a). Summary judgment is appropriate in tariff

classification cases where "there is no genuine dispute as to the nature of the merchandise and the

classification turns on the proper meaning and scope of the relevant tariff provisions." Deckers

Outdoor Corp. v. United States, 714 F.3d 1363, 1371 (Fed. Cir. 2013) (citation omitted). The court

decides classification de novo. See 28 U.S.C. § 2640(a)(1); Telebrands Corp. v. United States, 36

CIT 1231, 1234, 865 F. Supp. 2d 1277, 1279–80 (2012).

**DISCUSSION**

## I.    Description of the Subject Merchandise

There are no material factual disputes in this case. Blue Sky MSJ at 22; Gov. MSJ at 15.

At issue is the classification of four different models of Blue Sky "weekly/monthly" planners.

These planners are spiral bound as notebooks. Blue Sky MSJ Ex. 13; Gov. MSJ Ex. A–D. They

measure either 8.5 x 11 inches or 5 x 8 inches. Blue Sky MSJ Ex. 13. Each is labeled as a planner

on the packaging material, the title page, and in Blue Sky's marketing materials.[2] Gov. MSJ Exs.

A–D; Blue Sky MSJ Ex. 13. Each weekly/monthly planner includes the following: a yearly

overview page showing monthly calendars in grid box form for a two-year period, two-page

monthly views of each month (again in grid box form), and two-page "weekly view" pages

covering each week of the month.[3] Gov. MSJ Exs. A–D. The "weekly view" pages include lined

---

[2] The particular monthly planners, which the parties have agreed are properly classified under heading 4910, HTSUS, are also labeled and marketed as planners. Blue Sky MSJ at 4; Pl.'s Opp. to Gov.'s Cross-Mot. for Summ. J. & Reply to Gov.'s Opp. to Pl.'s Mot. for Summ. J.at 8, 11, ECF No. 26 (Dec. 22, 2023).

[3] Each planner at issue also includes a page for writing personal information and yearly goals, a contacts page, an important dates page, lined notes pages, and additional pages denoting holidays. See Gov. MSJ Exs. A–D.

Court No. 21-00624                                                    Page 5

sections for each day (measuring between 8 and 11 lines of writing space), as well as a lined area

for jotting "weekly to do" items and "notes." Id.

**Example two-page "monthly view" spread**. Gov. MSJ Ex. A, at 336–37 [smaller than

actual size].

**Example two-page "weekly view" spread**. Id. at 338–39 [smaller than actual size].

In total, more than two-thirds of the pages in the weekly/monthly planners are "weekly view" pages. Blue Sky MSJ at 8; Gov. MSJ at 5, 7–9; id. Exs. A–D. Blue Sky's weekly/monthly planners are promoted as organizational tools, Gov. MSJ Exs. P–S, and indeed are "used to note future appointments." Blue Sky MSJ at 13. The planners are marketed as offering "extra writing space," "ample space for detailed planning," "plenty of room for all your important information," and "extra pages for notes." Gov. MSJ Exs. P–S.

## II.    Blue Sky's Weekly/Monthly Planners Are Properly Classified in Heading 4820, HTSUS.

In its renewed briefing, Blue Sky maintains that its planners should be classified as "[c]alendars of any kind" under heading 4910, HTSUS.[4] See Blue Sky Br. at 15. It first argues that its planners should be classified as calendars under General Rule of Interpretation 1 ("GRI 1") because they are "comprised entirely of monthly and weekly calendars and so fall[] completely within the explicit statutory language of heading 4910." Id. at 3. It contends that its planners should not be removed from heading 4910, HTSUS merely because they leave space for notations. Id. at 4–5. Blue Sky adds that Explanatory Note ("EN") 49.10 to the international classification system[5] may not be used to narrow the heading's scope. Id. at 9–10. Second, Blue Sky compares its planners to certain Vista Stationary & Print week-to-view organizers that Customs recently classified under heading 4910.00.4000, HTSUS in Customs Letter NY N350537 (July 2, 2025)

---

[4] The parties' arguments in their cross-motions for summary judgment are laid out in the court's prior opinion. See Blue Sky I at 1251.

[5] EN 49.10 clarifies that heading 4910, HTSUS "does not cover articles whose essential character is not determined by the presence of a calendar" and excludes "[m]emorandum pads incorporating calendars and diaries (including so-called engagement calendars) (heading 48.20)." EN 49.10 (citation modified).

("Vista").[6] Id. at 10–11.  Additionally, Blue Sky contrasts its planners to those which the Federal

Circuit classified under heading 4820, HTSUS in Mead.[7]  Id. at 11–12; Mead, 283 F.3d at 1349.

In its supplemental response brief, Blue Sky draws parallels to additional planners which Customs

classified under heading 4910, HTSUS.  See Blue Sky Resp. Br. at 2 n.2 (citing Customs Letter

NY N235402 (Dec. 7, 2012); Customs Letter NY N119035 (Sep. 1, 2010)); id. at 4 n.5 (citing

Customs Letter NY N353456 (Sep. 30, 2025).  Lastly, Blue Sky avers that its planners should be

classified as calendars under General Rule of Interpretation 3 ("GRI 3") if the court does not

resolve the classification under GRI 1.[8]  Blue Sky Br. at 12–14.

The government argues that the planners should be categorized as "[o]ther" under

subheading 4820.10.40, HTSUS.  See Gov. Br. at 13.  It maintains that the planners do not fall

under heading 4910, HTSUS because they do not meet the common definition of the statutory term

"[c]alendars."[9]  Id. at 4–6.  Instead, the government maintains that the planners share the same

common characteristics and purposes of the exemplars in subheading 4820.10, HTSUS

("[r]egisters, account books, notebooks, order books, receipt books, letter pads, memorandum

---

[6] Blue Sky argues that the Vista planners have "weekly layouts virtually identical to the Blue Sky weekly layout" such that this court should defer to Vista under Skidmore v. Swift & Co., 323 U.S. 134 (1944), and classify Blue Sky's "virtually identical" planner under heading 4910, HTSUS. See Blue Sky Br. at 10–11.

[7] Blue Sky argues that because those planners were undated, thereby allowing users to insert their own dates—in contrast to its weekly/monthly planners which have a fixed and dated grid—its planners are properly classified under heading 4910, HTSUS.  See Blue Sky Br. at 11.

[8] Blue Sky also argues that its weekly/monthly planners are properly classified as calendars because Blue Sky markets and sells its weekly/monthly planners in the same area and manner as its calendars.  Blue Sky Br. at 8.

[9] The government adds that consulting EN 49.10 for guidance on the scope of the term "[c]alendars" in heading 4910, HTSUS is proper.  Gov. Br. at 6–7.  According to the government, because EN 49.10 explains that a calendar's "printing" is what gives it its "essential character," Blue Sky's weekly/monthly planner are not classified properly in Heading 4910, HTSUS.  Id. at 7–8 (citation omitted).  Instead, each planner's essential character is that of "a stationary tool that provides space to allow the user to write down information."  Id. at 7.

pads, diaries and similar articles: . . . [o]ther"). Id. at 8–9. According to the government, all these articles are "stationary items used to organize and record a variety of different pieces of information." Id. at 10–11. Therefore, under the rule of ejusdem generis, the planners would be encompassed by the statutory term "similar articles." Id. 9–10.

The court has already explained the legal framework governing classification in detail. See Blue Sky I at 1246–49. Classification of imports under the HTSUS requires two steps. First, the court must construe the meaning of terms in a given tariff provision. Orlando Food Corp. v. United States, 140 F.3d 1437, 1439 (Fed. Cir. 1998) (citation omitted). Second, the court must determine if the merchandise at issue falls within the tariff provision that the court has just construed. Id. The proper classification of merchandise is governed generally by the General Rules of Interpretation. Wilton Indus., Inc. v. United States, 741 F.3d 1263, 1266 (Fed. Cir. 2013). Under GRI 1, the court first classifies subject merchandise "according to the terms of the headings and any relative section or chapter notes." GRI 1, HTSUS. In interpreting a heading term, the court may rely on its "own understanding, dictionaries, and other reliable sources." Bauer Nike Hockey USA, Inc. v. United States, 393 F.3d 1246, 1250 (Fed. Cir. 2004). It may also consult the Explanatory Notes to the Harmonized Commodity Description and Coding System for guidance in interpreting the HTSUS terms.[10] Carl Zeiss, Inc. v. United States, 195 F.3d 1375, 1378 n.1 (Fed. Cir. 1999).

In Blue Sky I, this court held that, while portions of the weekly/monthly planners satisfy the definition of "calendars," the "whole of each item . . . exceeds Blue Sky's proffered eo nomine

---

[10] While not legally binding, the ENs are "persuasive" and "generally indicative" of the proper interpretation of the tariff provision. Lemans Corp. v. United States, 660 F.3d 1311, 1316 (Fed. Cir. 2011) (citing Drygel, Inc. v. United States, 541 F.3d 1129, 1134 (Fed. Cir. 2008)). ENs, however, may not narrow the language of the classification heading itself. Rubie's Costume Co. v. United States, 337 F.3d 1350, 1359 (Fed. Cir. 2003).

classification" because the planners are "not merely charts for showing the division of a given year, but rather . . . bound notebooks that contain charts that meet the calendar definition along with space to write information about each day/month as well as space to write additional notes, addresses, and telephone numbers." Blue Sky I at 1252. The court consulted EN 49.10, which "clarifies that heading 4910, HTSUS does not cover articles whose essential character is not determined by the presence of a calendar and also excludes [m]emorandum pads incorporating calendars and diaries (including so-called engagement calendars) (heading 48.20)." Id. (citation modified) (citation omitted). The court reasoned that the planners were properly classified as diaries because "diaries are both retrospective journals, and prospective scheduling devices," and the Blue Sky planners were "notebooks in which you write things that you must remember to do." Id. at 1253 (citation omitted). The court concluded that the planners were not "calendars" because they were "[d]iaries" under subheading 4820.10.20, HTSUS. See id. at 1253–54.

On appeal, the Federal Circuit reversed this court's decision because this court's "interpretation of 'diary' conflict[ed] with how [the Federal Circuit] interpreted the term in Mead." Blue Sky II at 1335. Specifically, the court in Mead had determined that a "diary is retrospective, not prospective." Id. at 1339 (citing Mead, 283 F.3d at 1348). Thus, the Federal Circuit rejected this court's distinguishment of Mead and its view of the weekly planners as "diaries." Id. at 1340. Because this court tied its determination that Blue Sky's planners were neither "[c]alendars" under heading 4910, HTSUS nor "[o]ther" under subheading 4820.10.40, HTSUS to its determination that the planners were "diaries," the Federal Circuit determined that this court's analysis was flawed. Id. It thus remanded without classifying the planners but noted that the government had offered "seemingly persuasive arguments for why Blue Sky's product falls within the heading 4820, as opposed to heading 4910." Id. at 1340.

The court starts with the meaning of the tariff terms.  Heading 4910, HTSUS falls within Chapter 49 of the HTSUS which encompasses "printed books, newspapers, pictures and other products of the printing industry; manuscripts, typescripts and plans."  Ch. 49, HTSUS.  Heading 4910, HTSUS is an eo nomine heading[11] covering "[c]alendars of any kind."  As the term calendar is not defined in the HTSUS, the court looks to the Oxford English Dictionary definition, which defines a calendar as:[12]

> The system according to which the beginning and length of successive civil years, and the subdivision of the year into its parts, is fixed; as the Babylonian, Jewish, Roman, or Arabic calendar
> [or]
> A table showing the division of a given year into its months and days, and referring the days of each month to the days of the week; often also including important astronomical data, and indicating ecclesiastical or other festivals, and other events belonging to individual days.  Sometimes containing only facts and dates belonging to a particular profession or pursuit, as Gardener's Calendar, Racing Calendar, etc. Also a series of tables, giving these facts more fully; an almanac
> [or]
> A contrivance for reckoning days, months, etc.

Calendar, Oxford Eng. Dictionary (online ed.).

The EN associated with heading 4910, HTSUS clarifies that the heading "relates to calendars of any kind . . . provided that the printing gives the article its essential character."[13]  EN

---

[11] An eo nomine classification "describes a commodity by a specific name, usually one common in commerce."  Nidec Corp. v. United States, 68 F.3d 1333, 1336 (Fed. Cir. 1995).

[12] Reference to the Oxford English Dictionary is appropriate.  See Blue Sky I at 1251 n.13.

[13] Blue Sky argues that EN 49.10 impermissibly narrows the scope of heading 4910, HTSUS.  Blue Sky Br. at 9–10.  Specifically, because heading 4910, HTSUS covers "[c]alendars of any kind," and EN 49.10 purports to exclude "so-called engagement calendars," the EN is impermissibly restrictive.  Id.  The court, however, must first determine the meaning of the term "[c]alendars" before it can determine whether the EN purports to exclude an item that would meet the calendar definition.  See Orlando Food Corp., 140 F.3d at 1439.  Far from excluding types of calendars, EN 49.10 helps clarify the scope of a "calendar" by defining it in relation to what it is not, i.e., "[m]emorandum pads incorporating calendars and diaries (including so-called engagement calendars) (heading 48.20)."  See EN 49.10.  Indeed, the Federal Circuit in dicta confirmed that

49.10. It "<u>does not cover</u> articles whose essential character is not determined by the presence of a calendar" and also excludes "[m]emorandum pads incorporating calendars and diaries (including so-called engagement calendars) (<u>heading 48.20</u>)." <u>Id.</u>  Put simply, the term "[c]alendars" under heading 4910, HTSUS encompasses systems or charts for referencing given dates where the printed layout of that system or chart is the <u>sine qua non</u> of the merchandise.

Heading 4820, HTSUS covers items such as "notebooks," "letter pads," "memorandum pads," and "diaries and similar articles."  It falls within Chapter 48 of the HTSUS, which contains headings that classify "paper and paperboard; articles of paper pulp, of paper or of paperboard." Chapter 48, HTSUS.  While Chapter 49 includes paper products where the printed layout provides the essential character of the articles, the ENs clarify that Chapter 48 is for other paper products that can be used to record various kinds of information.  <u>Compare</u> EN 48.20 ("Some articles of this heading often contain a considerable amount of printed matter but remain classified in this heading (and not Chapter 49) <u>provided</u> that the printing is subsidiary to their primary use, for example . . . diaries (essentially for writing)."), <u>with</u> EN 49.10 ("This heading relates to calendars of any kind . . . <u>provided</u> that the printing gives the article its essential character.").  Items enumerated withing heading 4820, HTSUS generally "describe stationery items for recording various types of information—many of them with pre-defined templates allowing users to write down information."[14]  <u>See</u> <u>Blue Sky II</u> at 1340.

The court turns to whether Blue Sky's weekly/monthly planners fall within these tariff terms.  Blue Sky's planners cannot be classified properly under heading 4910, HTSUS because

---

reference to the ENs is not only appropriate in this case, but "persuasive" evidence.  <u>See</u> <u>Blue Sky II</u> at 1340.

[14] Under Federal Circuit precedent, a diary is a "retrospective, not prospective" record which "facilitates recording more than the mere date or time of events, but also more detailed observations, thoughts, or feelings about those events."  <u>Mead</u>, 283 F.3d at 1348.

the articles, as a whole, exceed the definition of a calendar.  See Blue Sky I at 1252.  Its planners

are not merely charts for showing the division of a given year, but rather bound notebooks that

include such charts, other features, and copious space to record various types of information.[15]

See Gov. MSJ Exs. A–D.  Over two-thirds of each of Blue Sky's weekly/monthly planners is

comprised of "weekly view" page spreads, wherein a broad header, eleven words, and seven

numbers are printed an otherwise-ruled two-page notebook spread.  See id.  In these "weekly view"

spreads, the planners allocate 8–11 lines of note-taking space for each day of the week—and an

additional 8–11-line space for "weekly to do" lists and "notes."  See, e.g., id. Ex. A, at 353.  The

planners are "used to note future appointments," Blue Sky MSJ at 13, and are advertised as offering

ample notetaking space.[16]  See Gov. MSJ Exs. P–S.  On this record, the planners are not primarily

a grid system for tracking days.  Rather, as this court has already noted, they are books in which a

---

[15] While Blue Sky is correct that space to make notes does not automatically transform an erstwhile calendar into something else, see Blue Sky Br. at 5–6, the inverse is also true: stamping weekday dates on an otherwise lined notebook page does not make it a calendar.  The dividing line is whether the calendar layout is incidental to the article's primary note-taking purpose, or vice versa—determined by the subject merchandise's physical characteristics such as blank space allocated to note-taking.  See Mead, 283 F.3d at 1348–49.

[16] Blue Sky argues that a classification approach to calendars centering on the allocation of note-taking space would be unworkable.  Blue Sky Br. at 6.  Courts, however, have consistently considered note-taking space in classifying merchandise.  See, e.g., Charles Scribner's Sons, 6 CIT 168, 174–75, 574 F. Supp. 1058, 1063 (1983) (noting that "a calendar is not primarily intended to be used in connection with extensive notations, but rather as a list or enumeration of persons, things or periods of time" and classifying subject merchandise as calendars where the space allocated to each day of the week was "miniscule, measuring approximately one-inch by $4^{13}/_{16}$ inches" because "that space was obviously not intended to be used primarily for extensive notations"); Sormani v. United States, 33 Cust. Ct. 423, 424 (1954) (classifying subject merchandise as calendars because "a space of no greater size than three-eighths of an inch by 2 inches scarcely serves as a sufficient area for a register of daily events"); Mead, 283 F.3d at 1349 ("Space for only a word or phrase disqualifies these articles as diaries.").  Courts consider the space allocated to note-taking because it reveals whether the subject merchandise is truly a calendar versus another item merely incorporating one.

user writes notes.  Blue Sky I at 1252.  The printed "weekly view" layout merely curates the user's note-taking.

Blue Sky's arguments to the contrary are unavailing.  Blue Sky emphasizes that heading 4910, HTSUS covers "[c]alendars of any kind," and thus it must capture any merchandise that is labeled so or referred to as such.  Blue Sky Br. at 8–10; Blue Sky Reply Br. at 2–3.  Commercial marketing and colloquial terminology, while helpful in certain contexts,[17] cannot dictate the heading definition here, where the terms "diary," "calendar," "planner," and "notebook" are thrown around interchangeably to label and describe products that may well be classified under different headings.[18]  As explained above, the dictionary definitions and explanatory notes are of better guidance here:  These sources confirm that a "[c]alendar[]" under heading 4910, HTSUS is primarily a system for exhibiting dates in a given year, to which any notetaking purpose is incidental and any note-taking space scant.[19]  See Blue Sky I at 1252–53.

---

[17] In construing tariff terms, the court may "consult lexicographic and scientific authorities, dictionaries, and other reliable information" and may rely on its "own understanding of the terms." Baxter Healthcare Corp. v. United States, 182 F.3d 1333, 1337–38 (Fed. Cir. 1999) (citation omitted).

[18] See, e.g, Planner 2026-2027, Weekly and Monthly Academic Planner, July 2026 - June 2027, Hardcover Calendar Agenda Book for School Year Planning, School Supplies for Teacher and Student, A5(6.3" x 8.5"), Amazon, https://a.co/d/0jkwWIcz (last visited Apr. 16, 2026) (merchandise labeled as "calendar agenda book"); POPRUN 2026 Planner Weekly Notebook (Jan-Dec), Medium 8.5"x 6.5" - Agenda 2026 Calendar Book with Monthly Tabs, Inner Pocket, Spiral Soft Cover, 100 GSM – Lilac, Amazon, https://a.co/d/0gtTlTM9 (last visited Apr. 16, 2026) (merchandise labeled as "weekly notebook" and "calendar book"); 2026-2027 Appointment Book & Planner - Jul 2026 - Jun 2027, Daily Hourly Planner, 5.75" X 8.25", 60-Minute Interval, Faux Soft Leather Cover, Premium Paper, Academic Planner, Pen Holder, Inner Pocket, Amazon, https://a.co/d/0c9hIr0t (last visited Apr. 16, 2026) (merchandise labeled as "diary planner"); 2026 Diary: Federal Judges Ed. (Thompson Reuters, 2025) (merchandise labeled "diary").

[19] For this reason, the court also rejects Blue Sky's argument that a "so-called engagement calendar" is properly classified under heading 4910, HTSUS in spite of EN 49.10.  See Blue Sky Br. at 10.  What may be called an "engagement calendar" in common parlance may still be properly classified under heading 4820, HTSUS.  To the extent Blue Sky relies on Charles Scribner's Sons, that case "involved classification of goods under tariff provisions different from the HTSUS" and

Even considering the "compl[e]mentary background facts" relied on by Blue Sky—specifically the merchandise in Mead and Vista—this court remains unpersuaded that the weekly/monthly planners are calendars. See Blue Sky Br. at 10 n.5, 10–11; Decl. of Christian Japlit, ECF No. 56-1 (Mar. 16, 2026); Decl. of Elaine Peterson, ECF No. 56-2 (Mar. 16, 2026). The planners at issue in Customs' recent Vista letter were classified as calendars without any explanation. Vista at 1–2. Moreover, the decision letter expressly limited its decision to "the specific factual situation and merchandise description" at issue. Id. at 2. The court thus will not defer to Customs' ruling letter.[20]    See Mead, 283 F.3d at 1346 (Skidmore deference to classification rulings "depends on the thoroughness evident in the classification ruling, the validity of its reasoning, its consistency with earlier and later pronouncements, [and] the formality

---

therefore "suppl[ies] only limited guidance for this case." See Mead, 383 F.3d at 1347; Charles Scribner's Sons, 6 CIT at 175, 574 F. Supp. at 1063. Moreover, the engagement calendar in Charles Scribner's Sons is factually distinguishable, because there the quality of the paper (primarily intended for printing photographs) rendered writing difficult (such that the company received numerous complaints), and the space allocated to note-taking was "miniscule" and "obviously not intended to be used primarily for extensive notations". Charles Scribner's Sons, 6 CIT at 171, 175, 574 F. Supp. at 1060, 1063 (citation omitted). Further, there is no indication in Blue Sky II that the Federal Circuit intended to reject the international system and its ENs.

[20]   The court also does not defer to the additional ruling letters cited by Blue Sky in which the subject merchandise was classified under heading 4910, HTSUS. See Blue Sky Resp. Br. at 2 n.2, 4 n.5 (citing NY N235402 (Dec. 7, 2012); NY N119035 (Sep. 1, 2010); NY N353456 (Sep. 30, 2025)). Putting aside whether Blue Sky waived these comparisons by raising them for the first time in reply, see Novosteel SA v. Bethlehem Steel Corp., 284 F.3d 1261, 1274 (Fed. Cir. 2002) ("Raising the issue for the first time in a reply brief does not suffice."), the subject merchandise is different from Blue Sky's planners. In N353994, Customs considered a calendar consisting of "12, 5" x 5" pieces of paper, each printed with a month of the year" and which were designed to "sit on a small wooden stand." See N353994 at 1. Customs noted that the paper and stand were packaged together and "carry out the specific activity of displaying a calendar." Id. at 2. In N353456, Customs considered "printed, magnetic wall calendars" with a "dry erase surface" and which included "12 rectangular magnets indicating months, five rectangular magnets indicating years" and other magnetic accoutrements. See N353456 at 1. In N235402, Customs considered a weekly planner "with an erasable surface, measuring approximately 16 3/8" x 2 ½," which it classified under heading 4910, HTSUS without any analysis. See N235402. These examples are either factually distinguishable or bereft of illuminating analysis; thus, the court does not consider them persuasive.

attendant the particular ruling"). The planners in <u>Mead</u> are also not particularly helpful. While the <u>Mead</u> planners may have been undated, <u>see</u> Blue Sky Br. Ex 1A., in contrast to the dated weekly/monthly planners at issue here, this distinction is inconsequential. <u>Mead</u> did not consider this characteristic in its classification decision, let alone find it dispositive. <u>See Cooper Indus., Inc. v. Aviall Servs., Inc.</u>, 543 U.S. 157, 170 (2004) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." (citation omitted)).

Instead, the weekly/monthly planners fall under the heading 4820, HTSUS, specifically subheading 4820.10, HTSUS which encompasses "[r]egisters, account books, notebooks, order books, receipt books, letter pads, memorandum pads, diaries and similar articles." As the Federal Circuit observed, "items enumerated within heading 4820 describe stationery items for recording various types of information—many of them with pre-defined templates allowing users to write down information." <u>Blue Sky II</u> at 1340 (observing that Blue Sky's weekly/monthly planners are "much like" these exemplars).[21] While the planners may not be classified under the HTSUS as diaries <u>per se</u> because they are used to note prospective engagements, <u>see id.</u> at 1339–40, they "possess the same essential characteristics or purposes that unite the listed exemplars" in subheading 4820.10, HTSUS and should properly be classified thereunder. <u>See Avenues in Leather, Inc. v. United States</u>, 423 F.3d 1326, 1332 (Fed. Cir. 2005). The weekly-view layout that comprises two-thirds of the planners is properly understood as a "pre-defined template[] allowing users to write down information" as opposed to a reference tool for exhibiting certain dates on a

---

[21] Blue Sky argues that its weekly/monthly planners do "not contain a blank lined writing template like Chapter 48 articles" and instead "primarily contain[] informational calendar printing." Blue Sky Resp. Br. at 5. This argument is belied by the record. <u>See, e.g.</u>, Gov. MSJ Ex. A.

grid.  Blue Sky II at 1340.  Thus, classification under 4820, HTSUS rather than heading 4910, HTSUS is appropriate.[22]

Normally, this would not end the inquiry as the court would determine the precise subheading that applies.  Shamrock Bldg. Materials, Inc. v. United States, 619 F. Supp. 3d 1337, 1341–42  (CIT  2023), aff'd, 119 F.4th 1346 (Fed. Cir. 2024).  Indeed, the Federal Circuit noted in footnote 4 of its opinion that two subheadings within 4820, HTSUS may well be applicable here:  "[o]ther" under subheading 4820.10.20.60, HTSUS and "[o]ther" under subheading 4820.10.40, HTSUS.  See Blue Sky II at 1240 n.4.  The court and the parties appear to be in agreement that if heading 4910, HTSUS does not apply, then subheading 4820.10, HTSUS is applicable.  Because the difference in tariff rate would be zero between classification under subheadings 4820.10.20 and 4820.10.40, HTSUS the question of which of these two specific classification subheadings applies, however, is likely moot.  Jarvis Clark, while mandating this court to determine the correct classification, Jarvis Clark Co. v. United States, 733 F.2d 873, 878 (Fed. Cir. 1984), cannot be said to contravene the Constitution's Article III mandate that federal courts not determine moot issues.  U.S. Const. art. III § 2, cl. 1.  Here, no matter which eight-digit subheading within subheading 4820.10, HTSUS applies, Blue Sky would pay the same duty.  The only possible interest Blue Sky has, therefore, in the effect of classification under subheading 4820.10.40 versus 4820.10.20 is its "effect . . . on future cases."  3V, Inc. v. United States, 23 CIT 1047, 1050, 83 F. Supp. 2d 1351, 1353 (1999).  But "federal courts are not empowered to declare rules of law to govern future cases."  Id. (citation omitted).

---

[22] Because Blue Sky's weekly/monthly planners are properly classified under heading 4820, HTSUS, see GRI 1, the court does not reach the parties' classification arguments under GRI 3. See Blue Sky Br. at 12–14.

Nonetheless, as a matter of judicial economy, the court will address the likely, competing subheadings because of the extensive and possibly continuing litigation in this matter. The Blue Sky weekly/monthly planners are likely classified as "[o]ther" under subheading 4820.10.40, HTSUS, rather than "[o]ther" under subheading 4820.10.20.60, HTSUS. Subheading 4820.10.20, HTSUS covers "[d]iaries, notebooks and address books, bound; memorandum pads, letter pads and similar articles." "Diaries and address books" are broken out under statistical subheading 4820.10.20.10, HTSUS and "[m]emorandum pads, letter pads and similar articles" under statistical subheading 4820.10.20.20, HTSUS. To be covered by subheading 4820.10.20, HTSUS in the case where they are not diaries or address books, the subject planners would have to be classified as "notebooks." They are not notebooks in the limited tariff sense. While a notebook is defined broadly as "[a] small book with blank or ruled pages for writing notes in; a book containing notes or memoranda," see Notebook, Oxford Eng. Dictionary (online ed.), the canon against surplusage applies to tariff terms in the HTSUS. See Amcor Flexibles Singen Gmbh v. United States, 425 F. Supp. 3d 1287, 1299 (CIT 2020). Thus, the heading and subheading term "notebooks" must be interpreted in such a way so as to give effect to the other exemplars, specifically those within subheading 4820.10, HTSUS. The other subheading 4820.10, HTSUS exemplars all anticipate a stationary item in which a user takes notes—but the note taking is specific to an activity. See, e.g., Register, Oxford Eng. Dictionary, (online ed.) ("A book or volume in which important items of information of a particular kind are regularly and accurately recorded; a collection of entries so created; a written record or account").[23] To avoid surplusage, the term notebooks must only

---

[23] See also, e.g., Account Book, Oxford Eng. Dictionary (online ed.) ("[a] book prepared for the keeping of accounts or in which accounts are kept; a ledger"); Order Book, id. ("[a] book in which the orders of customers are entered"); Receipt Book, id. ("[a] book containing receipts for payments made"); Diary, id. ("[a] daily record of events or transactions, a journal; specifically, a

encompass subject merchandise where notes are not being made for a specialized purpose. Blue Sky's weekly/monthly planners transcend this definition. The planners allow note-taking space specifically to organize and plan affairs. See Blue Sky I at 1252. Thus, they cannot be classified under subheading 4820.10.20, HTSUS because they are not diaries or address books; memorandum pads, letter pads, or similar items; or notebooks.

Rather, Blue Sky's weekly/monthly planners are likely properly classified as "[o]ther" in subheading 4820.10.40, HTSUS.[24] As the Mead court noted, diaries (1) allow for extensive notations, and (2) are retrospective. Id. at 1348–49. "Applying these aspects of the definition of a diary," Mead classified the merchandise at issue—day planners that allowed only "a few lines for recording events" and that did "not envision recording of past events"—as "articles similar to diaries (encompassed by 'other' in subheading 4820.10.40), rather than diaries themselves under subheading 4820.10.20." Id. This logic would compel classification of the weekly/monthly planners as "[o]ther" under subheading 4820.10.40, HTSUS, because the weekly/monthly planners allow for ample notetaking space but still do not envision the "recording of past events." See id.

---

daily record of matters affecting the writer personally, or which come under his or her personal observation"); Address Book, id. ("[a] book containing the names and addresses of a particular group of people; spec. a book for recording the names, addresses and other personal details of a person's acquaintances, organizations of personal relevance, etc., typically arranged alphabetically").

[24] If classification under subheading 4820.10.40, HTSUS were inappropriate, the court would be left to classify the planners as "[o]ther" under subheading 4820.10.20.60, HTSUS, one of the options noted in Blue Sky II at 1340 n.4. The court observes that this classification would have the same legal effect as classifying the planners as "[d]iaries" under subheading 4820.10.20.10, HTSUS because only the first eight digits of the classification code have any statutory tariff meaning; the last two digits are "for statistical analysis purposes, but are not intended to change the substantive tariff schedule." Chemtall, Inc. v. United States, 878 F.3d 1012, 1026 (Fed. Cir. 2017). As indicated, classification under subheading 4820.10.20, HTSUS was not accepted on appeal. See Blue Sky II at 1340. The court has exhausted the possible classifications. As the item is not a calendar for classification purposes, only these two subheadings are at play. See id. at 1340 n.4.

Court No. 21-00624                                                    Page 19

**CONCLUSION**

For the foregoing reasons, the court:

1. Denies Blue Sky's motion for summary judgment, ECF No. 20.

2. Grants the government's cross-motion for summary judgment, ECF No. 25.

Judgment will be entered accordingly.

/s/ Jane A. Restani
Jane A. Restani, Judge

Dated: April 21, 2026
      New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BLUE SKY THE COLOR OF IMAGINATION, LLC,

                        Plaintiff,

        v.

UNITED STATES,

                        Defendant.

Before: Jane A. Restani, Judge

Court No. 21-00624

**<u>JUDGMENT</u>**

This case having been duly submitted for decision; and the court, after due deliberation, having rendered a decision herein; now therefore, in conformity with said decision:

Judgment is entered declaring that the entries before the court are classified under subheading 4820.10, HTSUS.

/s/ Jane A. Restani
Jane A. Restani, Judge

Dated: <u>April 21, 2026</u>
        New York, New York